BOLTE <em>against</em> VAN ROOTEN.

THIS was an action of *assumpsit.* Plea, the general issue. The cause was tried at the sittings in *New-York*, before the *Chief-Justice*, on the 14th day of *April*, 1808. The plaintiff offered in evidence, to support his action, the return to a commission regularly issued under the seal of this court. The caption to the depositions was in the words following, viz. " *William Hobbins* being produced, sworn, and examined as a witness, on interrogatories, to him administered in virtue of and under a commission issued out of and under the seal of the supreme court of judicature of the state of *New-York*, one of the *United States* of *America*, to *James P. Boyd, Christian Mayou,* and *Alexander Boyd*, of the city of *Baltimore*, and state of

*Maryland,* directed, in a certain cause now depending, and at issue in the said court, wherein *John Bolte* is plaintiff, and *Peter Van Rooten* is defendant, as follows, to wit: *Imprimis,* to the first interrogatory," &c. The depositions did not contain any other evidence of their being sworn, except what is thus contained in their caption, but at the foot of each deposition, the name of the witness was signed on the right hand side, and on the left *two of the commissioners subscribed their names, as acting commissioners, without stating 'sworn.'* On the back of the commission was also indorsed, " *the execution of this commission appears by the schedule annexed;*" which indorsement was signed by the two commissioners, who executed the commission, and who signed the same indorsement, *as acting commissioners.* The interrogatories and the answers were annexed to the commission, and duly transmitted to this court.

The defendant objected to the reading of the testimony, because it did not appear, by the return, that the witness, therein named, had been sworn by the commissioners, and because the commissioners do not certify, that they caused the examinations to be reduced into writing. The plaintiff, having no other testimony, the defendant moved for a nonsuit; but the judge refused to grant a nonsuit, and permitted the testimony to go to the jury, with liberty to the defendant to reserve the point, for the consideration and judgment of the court. The jury, thereupon, found a verdict for the plaintiff.

*C. Graham,* for the defendant, relied on the case of *Bailis* v. *Cochran.* (2 *Johns. Rep.* 417.)

*I. T. Irving,* contra.

*Per Curiam.* There is a material difference between the facts in this case, and those in the case of *Bailis* v. *Cochran.* (2 *Johns. Rep.* 417.) In that case, the deposition had no caption or conclusion, by which it could appear before whom, and by what authority it was taken. The commissioners signed their names under that of the witness, with-

ALBANY,
February, 1809.

Haff
v.
Marine Ins. Co.

out even stating that they were commissioners. But in this case it is stated, that the witness was sworn and examined, *by virtue of the commission directed to the commissioners,* by name, and they then sign their names, at the bottom of the deposition, *qua* commissioners. This is giving authenticity to the proceeding. If the witness was sworn and examined under that commission, and that fact be certified by the commissioners, as acting commissioners, he must have been sworn and examined *by them.* There is no other meaning to be put upon the words. It is not a thing of inference, but equivalent to a direct averment of the fact. The commissioners do not certify, that the examination was reduced to writing by them, or at their instance; but if he was sworn and examined by them, and they sign the instrument, it must be taken to be an examination reduced to writing under their direction, or by their own act. This is the conclusion of law, upon such a fact.

The defendant must, therefore, take nothing by his motion.

Motion denied.