*183 OPINION of the Court, by
Judge Owsley.
-Cox, Who was defendant in the court below, purchased of Fenwick a tract of land, at the price of twelve hundred, pounds, and executed an obligation for the payment-thereof. Upon the obligation was endorsed a receipt for seven hundred pounds, pari of which was composed of two sums due by Fenwick to John Tull and Toliver Craig, and which were assumed to be paid by Cox. The balance of Cox’s obligation not having been paid, Fenwick exhibited his bill in chancery in the Franklin circuit court, in which he alleges the aforesaid facts, and Charges that Cox has failed to pay the debts due Tull and Craig, and prays a decree for the sale of the tract of land, to pay those debts and the balance due upon Cox’s obligation. •
The answer of Cox admits the sale and purchase of the land, the execution Of his obligation for the pay-mentj and the endorsement of the receipt thereon ; but alleges that Fenwick has not paid the debts due to Tull and Craig, and charges that Fenwick has not complied with his contract in making a general warranty deed to *184 the land ; and alleges that he has not the legal or equitable title'thereto, and that the land is included in the patent of james Stewart and Charles Morgan for 29940 acres of land, of elder date than the patent under which Fenwick holds title.
Upon calling the suit for hearing, Cox moved the court for a continuance ; which was overruled, the cause heard and a decree pronounced in favor of Fen-wick, ordering the whole of the tract of land to be sold, and out of the proceeds the balance due from Cox to be paid, including the sums assumed by Cox to be paid Tull and Craig : from which decree this writ of error has been prosecuted.
Before we consider the merits of the decree, it becomes' necessary to determine whether the court belowerred in rejecting the application óf Cox for a continuance ? That application seerfis to have been founded as well upon the affidavit of Cox filed in the cause, as on the failure of Fenwick, who was a nonresident, to' give security for costs before the calling of the causé for hearing.
That the affidavit contains no sufficient cause for a continuance, there can exist no doubt. It totally fails to exhibit that diligence oh the part of Cox in preparing his cause that should be observed by every litigant. Had this lack of diligence on the part of Cox been caused by the failure of Fenwick to give security for costs, there would have existed some plausibility in the grounds of the application for a continuance. From the affidavit it is evident, however, such was not the fact. '1’he failure of Fenwick, therefore, to give security for costs before the calling of the suit, under the circumstances of this cause, does not furnish á sufficient cause for a continuance.
To the merits of the decree, it is objected, that the taking a bond from Cox for the purchase money is á waiver of the lien which Fenwick otherwise might have had on the land. As a general rule, it is evidently true that the land stands charged in the hands of the vendeé for the purchase money. This rule, however, is liable to various exceptions : as where the vendor takes a distinct and independent security for the purchase money* or where from other circumstances it is clearly inferable the vendor does not rely upon the lien on the land« *185 The taking df a bond for the purchase money has, however, been held not to be such a security, and is no waiver of the lien which a vendor has for the purchase money. By no fair presumption can such a waiver be inferred.
It is also objected that Fenwick has not shewn himself entitled to a decree, because it is urged he has not shewn himself able to make a title to the land, and because it is alleged the land is included in the patent of Stewart and Morgan, an adverse and superior claim. The title of Fenwick, regularly deduced from the commonwealth, is exhibited in the cause; and though the patent of Morgan and Stewart is of an elder date than that of Fenwick’s, there exists nothing in the causé from which we are authorised to say the one conflicts with the other. This objection, therefore, cannot avail.
It is also objected that it was erroneous to decree to Fenwick the sums which were assumed by Cox to be paid Tull and Craig. We can perceive no impropriety in this part of the decree. Fenwick was owing those debts, he remained liable for them, and he should be considered to have retained his lien on the land until they were satisfied. Besides, by the provisions of the decree, Cox is secured against all possible damage on account of those demands.
It is again objected the decree is erroneous, in ordering the whole tract to be sold, whether necessary or hot, to make the amount due on the sale of the land. This objection we think entitled to more weight. It is the charge the vendor has upon the land for the sale money, that gives a court of equity jurisdiction in such a case to grant relief. When, therefore, the sale motley is discharged, the charge on the land is satisfied ; and it results the power of the court to order a sale of the land necessarily ceases. And it seems equally clear, that where (as in the present case) the lien atcaches toa divisible tract, the jurisdiction of a court of equity being given for the purpose of satisfying the lien, that jurisdiction should be exercised s« far only as to decree so much of the tract to be sold as might be necessary to discharge the amount due. The application of a different rule, in numberless cases, and for aught that appears in the record in this case, might greatly prejudice the purchaser, and would he acting under the ⅛- *186 fluencé of a different principle in courts of chancery, to\ t^iat which prevails in the sale of lánd under the process of courts of law.
We are of opinion, therefore, that the court erred in decreeing the whole tract to be sold, but that so much'' only should have been decreed to be sold as might be necessary to discharge the balance unpaid for the purchase of the land.
The decree must be reversed with costs, and the cause remanded for a decree to be etitered according to this opinión.