1814.

GARSON
v.
GREEN.

October 7th.

GARSON *against* GREEN AND OTHERS.

A vendor has a *lien* on the estate sold, for the purchase money, while the estate is in the hands of the vendee, and when there is no contract by which it may be implied that the *lien* was not intended to be reserved.

*Prima facie* the purchase money is a *lien*, and it lies on the vendee to show the contrary : and the death of the vendee does not alter or defeat the *lien*.

Nor does the taking a promissory note for the purchase money affect the *lien*; and, if part be paid, the *lien* is good for the residue ; and the vendee is a *trustee* for what is unpaid.

THE bill stated that the plaintiff sold to *James Green*, now deceased, intestate, in his lifetime, the one undivided third part of a house and lot of ground, of which the intestate was seised of two undivided third parts, in fee ; and for which he was to pay the plaintiff 700 dollars, 200 dollars in cash, and the residue in 55 days, for which he was to give his promissory note ; that on the 2d of *December*, 1807, the plaintiff executed and delivered a deed to the intestate, for the plaintiff's undivided third of the premises, and the intestate paid him the 200 dollars, and gave him a promissory note, dated the 12th of *December*, 1807, for 500 dollars, payable in 55 days after date. Before the note became due the intestate died, leaving *Margaret Green*, defendant, his widow, who took out letters of administration on his estate, and the other defendants, his heirs at law.

The administratrix having refused to pay the note, the plaintiff brought an action at law against her, to which she pleaded *plene administravit ;* and the plaintiff being unable to prove *assets* in her hands, took judgment for assets *in futuro*, to the amount of 535 dollars and 19 cents, and the costs of suit. The plaintiff alleged that the intestate died seised of the house and lot above mentioned, and other real estate in *New-York*, and left considerable personal estate, which came into the hands of the administratrix.

The bill, as to the administratrix, was, under the order of the court, taken *pro confesso*. The other defendants, by their guardian, answered, and admitted the sale by the plaintiff to their father, the intestate, and that he owed to the plaintiff the amount of the note, but whether it was for part of the consideration money for the house and lot they were ignorant.

The material allegations in the bill were proved by the witnesses.

1814.

GARSON
v.
GREEN.

*Slosson,* for the plaintiff.

*Blake,* contra.

THE CHANCELLOR. It is very evident from the proof, that the note was given in part payment of the consideration for the sale, by the plaintiff, of his undivided third part of the house and lot mentioned in the pleadings; and there is no evidence that the vendor did not mean to trust to the estate sold, as a pledge for his money. It is a well-settled rule, (6 *Ves.* 483. 759, 760. 1 *Schoale & Lefroy,* 132. 1 *Bro.* 420. *Sugden,* ch. 12. p. 352,) that the vendor has a lien on the estate for the purchase money, while the estate is in the hands of the vendee, and when there is no contract that the lien, by implication, was not intended to be reserved. *Prima facie* the purchase money is a lien on the land, and it lies on the purchaser to show that the vendor agreed to rest on other security. The death of the vendee does not alter the claim; for, as Lord *Redesdale* observed, in a like case, (*Hughes* v. *Kearney,* 1 *Schoale & Lefroy,* 132,) " the heir cannot be permitted to hold what his ancestor unconscientiously obtained; and is not a thing unconscientiously obtained when the consideration is not paid ?" Taking a note for the purchase money does not affect the vendor's lien, and if part be paid, the lien is good as to the residue, and the vendee becomes a trustee as to that which is unpaid. (*Blackburn* v. *Gregson,* 1 *Bro.* 420.) The

failure of the personal estate is sufficiently shown in the first instance; and there is nothing to gainsay it, and I shall, accordingly, decree a sale of the one third of the house and lot, towards satisfaction of the note.

Decree accordingly.