Judge Carr,
delivered the opinion of the Court. *
This is an appeal" from a dissolved injunction. ' Mitchell and Tompkins purchased jointly the land in question. For the purchase money, ($ 7,200,) three negotiable notes .were given, executed by Tompkins, and endorsed by Mitchell. The vendor took no other security. A deed was executed to the vendees jointly. Mitchell failed; and Tompkins had to pay two of the three notes, making $ 1,200 beyond.his moiety of the debt. He also made some permanent improvements, and, as Mitchell alledges, received the rents. Mitchell, on his failure, conveyed to trustees, for the benefit of his creditors. The bill was filed to stay these trustees from selling MitchelVs interest in the land, and to subject that interest to the reimbursement of Tompkins, for the excess of the purchase money paid by him. The' Chancellor dissolved the in *429 junction, and dismissed the bill, on the ground, that the vendor, having retained no lien, legal or equitable, the plaintiff could acquire none by paying money for Mitchell; and, therefore, could only be considered as a simple contract creditor. On this point, this Court differ materially from the Chancellor. They consider it settled law, that the vendor has a lien on the estate, for the purchase money, while in the hands of the vendee, volunteers, or purchasers with notice: that prima facie, the purchase money is a lien on the land; and it lies on the purchaser to shew, that the vendor agreed to rest on other security: that, talcing a note for the payment of the purchase money, does not affect the vendor’s lien; and, if part be paid, the lien is good as to the residue, and the vendee becomes a trustee as to that which is unpaid. For these doctrines, we refer to the cases of Austen v. Halsey, 6 Ves. 483; Nairn v. Prowse, Ib. 759, 760; Mackreth v. Simmons, 15 Ves. 328; Hughes v. Kearney, 1 Sch. & Lefr. 132; Blackburn, &c. v. Gregson, &c., 1 Bro. 420; Sugden’s L. of V., ch. 12, 352; 1 Johns. Ch. Rep. 308; Wilcox v. Calloway, 1 Wash. 38; Cole v. Scott, 2 Wash. 141; Graves v. M’Caul, 1 Call, 414; Duval v. Bibb, 4 Hen. & Munf. 113. Under these authorities, we think it clear, that in the case before us, the vendor did retain a lien on the land; as he took nothing but the notes of the purchasers for the purchase money. It is a settled rule, that a surety is entitled to every remedy which the creditor has against the principal debtor, to enforce every security; in short, to stand completely in the place of the creditor. Parsons v. Briddock et al., 2 Vern. 608; 2 Ves. 622; 2 Meriv. 437; 10 Ves. 412; Wright v. Morley, 11 Ves. 22; 14 Ves. 162; 1 Johns. Ch. Rep. 412; 2 Johns. 554; 4 Johns. 130; Tinsley v. Anderson, 3 Call, 329; Eppes v. Randolph, 2 Call, 125; Hatcher’s adm’r. v. Hatcher’s ex’r., 1 Rand. 53. As between themselves, and in relation to each other, we consider Tompkins and Mitchell, each a principal debtor for one-half of the purchase *430 money, and a surety for the residue; and Tompkins, havingpaid $ 1,200 of the debt for which Mitchell was prir.-. cipal, stands, as to that amount, in the place of the crecli-. t01’> an<^ bas a right to enforce his equitable lien on the land. Nor does it affect this right, that the land has been conveyed by Mitchell, (if, indeed, it has been so conveyed,) for the benefit of his creditors; because, the trustees are purchasers with notice. This is a necessary conclusion, as they are all before the Court, (one by answer, the rest by decrees nisi,) and notice is not denied; the rula being, that he who claims protection as a purchaser without notice, must deny notice by answer, though it be not charged in the bill. In truth, if this were not so, the title of the. trustees could not stand in the way of this doctrine;, as the allegation in the answer, of title in them, is put in issue, and no deed to sustain it appears in the record. The position, that a surety is entitled to enforce the equitable lien of the vendor, rests upon the doctrine of substitution, or subrogation, as it is called in the civil law; (by which the surety becomes, in effect, the actual creditor;) and this doctrine does not conflict with those cases which say, that the lien of the vendor is not extended to third ' persons. Coppin v. Coppin, 2 P. Wms. 291; Pollexfen v. Moore, 3 Atk. 272; Sug. L. of V. 358-9. These cases mean only, that the purchased estate and the personal-estate" will not be'marshaled; in other words, that the equitable rule which says, that he who has two securities shall not so use them, as to defeat him who has but one, does not extend to the equitable lien; and even this doctrine is strongly shaken by the late decisions, especially by Lord Eldon, in the great case of M’Kreth v. Simmonds, 15 Ves. 329, and the cases there cited.
The decree of the Chancellor, therefore, dismissing the bill, is erroneous, and must be reversed; and the cause sent back, with directions, that an account be taken of the sum paid by the plaintiff, beyond his proportion of the purchase money, as also of the permanent improvements *431 put by him upon the land, together with the rents and profits he has received; and that the rents and profits be set off against the permanent improvements; that the balance be set. off against the excess of the purchase money, and interest thereon paid by the appellant beyond his moiety; that, for the said excess of purchase money, or so much as may remain after this deduction, with interest thereon, the plaintiff has a lien on MitchdPs proportion of the land; and, unless the sum thus found due to him, be paid by some one of the defendants, within six months after pronouncing the decree, that MitchdPs part of the property be sold for the purpose, of paying the same.

 Judge Cabell, absent.