## Case No. 4,491.

### ENGLISH v. RUSSELL.

[Hempst. 35.] [1]

Superior Court, Territory of Arkansas. Oct., 1825.

Before JOHNSON, SCOTT, and TRIMBLE, JJ.

OPINION OF THE COURT. On the 21st day of June, 1821, the intestate, John English, and the defendant, William Russell, entered into a contract in writing by which the former purchased a tract of land of the latter, containing three hundred and twenty-five acres, at the price of five dollars per acre. Five hundred dollars of the purchase-money was paid down, and for the remainder English executed two notes to Russell, one payable the 20th June, 1822, the other the 20th June, 1823, and bearing ten per cent. interest per annum from maturity until paid. Russell bound himself to convey the land with general warranty, as soon as the purchase-money should be paid. An action of law was brought by Russell on the first note, and judgment recovered against the present complainant, as administrator of John English, deceased, to enjoin which this bill has been filed, alleging that John English died insolvent, and praying for a sale of the above-named land, to pay debts. To the sale of the lands as prayed for in the bill, no objection has been made by Russell; but he claims that the proceeds must be applied to the payment of the purchase-money due him

on the land. We have no doubt Russell has a right to the proceeds of such sale, as claimed by him. Taylor v. Alloway's Heirs, 3 Litt. [Ky.] 216. He never parted with the legal title, and according to well-settled principles, the vendor has a lien upon the land for the purchase-money. Mackreth v. Symmons, 15 Ves. 329, 349; Hughes v. Kearney, 1 Schoales & L. 132; Garson v. Green, 1 Johns. Ch. 308.

The proceeds of the sale, therefore, must first be applied to discharge the debt due Russell on account of the purchase-money, and the over-plus, if any, will belong to the estate, and go to the administrator. Decreed accordingly.