Mr. Justice Clayton
delivered the opinion of the court.
The only question in this case is, whether a vendor of land, who has made a deed to the vendee, and taken his note with surety for the debt, still retains a lien upon the land for the purchase-money.
The English cases leave the point in much uncertainty. Mackreth v. Symons, 15 Ves. 329; Grant v. Mills, 2 Ves. & Bea. 306. In the latter case, it is said by the master of the rolls, that “there is no case of a security given by a third person, in which the lien has been held to exist.” In this country, the cases with great harmony sustain the rule, that the taking of a distinct security is a waiver of the lien. Gilman v. Brown, 1 Mason, 216; affirmed on appeal, 4 Wheat. 291; Wilson v. Graham, 5 Munf. 297; Fish v. Howland, 1 Paige, 20; Cox v. Fenwick, 3 Bibb, 183; Hard. Rep. 48; 4 Kent, 151.
In Tennessee, it is held that taking such security is prima facie a waiver of the lien, and makes it incumbent on the vendor to prove that in fact it was not waived. Marshall v. Christmas, 3 Humph. 617.
In North Carolina, it is decided that a vendor, who conveys the land by deed, retains no lien, even if he takes no other security. Womble v. Battle, 3 Ired. Eq. Rep. 182.
Chancellor Kent, after a review of the cases, comes to the conclusion, that taking a note with security is a waiver of the lien. 4 Comm. 151, 153.
In Clower v. Rawlings, 9 S. & M. 128, this court gave pretty distinct intimation of its leaning to the rule as thus laid down, though the point was not directly decided.
These authorities command our assent, and we fully recognize the doctrine, that by making a deed of conveyance, and taking a note with personal surety, the vendor is deprived of his implied equitable lien.
The decree of the court below, dismissing the bill of the complainant, is affirmed.