Metcalfe, J.
The only question for determination in this case is whether or no't Hiram H. Hart has a vendor’s lien on certain lands which are •described in the petition.
On the 23d day of November, 1913, Hiram H. Hart conveyed the land in question to his son, Frank B. Hart, for the consideration of two thousand dollars. On the same day Frank B. Hart, and his wife, Raechal Rae Hart, executed to Hiram H. Hart a mortgage on the premises conveyed for the entire amount of the purchase price, and at the same time Frank B. and Raechal Rae Hart executed to Hiram H. Hart two cognovit notes of one thousand dollars each.
The mortgage was duly recorded, and on the 7th day of December, 1914, Hiram H. Hart canceled said mortgage by entering upon the margin of the record thereof a release in full.
Afterwards, Frank B. Hart died, and soon after his death Hiram H. Hart began an action against Raechal Rae Flart upon said cognovit note and obtained judgment against her for the entire ■amount thereof.
Under these circumstances does Hiram H. Hart still retain a vendor’s lien? It is settled beyond controversy in Ohio that a lien exists in favor of the vendor of land, .and that the taking of a mortgage upon the land is not a waiver of such lien. Anketel v. Converse et al., 17 Ohio St., 11; Boos v. Ewing et al., 17 Ohio, 500, and Edwards v. Edwards et al., 24 Ohio St., 402.
It is -equally well settled that the taking of additional security, that is to say, securities other than the land in question, waives the lien. Wil *54 liams v. Roberts et al., 5 Ohio, 35; Schurtz, Admx., v. Colvin et al., 55 Ohio St., 274, and Mayham v. Coombs et al., 14 Ohio, 428.
The diligence of counsel in the case has not been able to furnish us with any adjudication of the question here involved, that is, whether or not the 'cancellation of the mortgage by the vendor is a waiver of the lien.
The doctrine that the taking of a mortgage by the vendor did not waive the lien was not determined in Ohio without a very vigorous protest on the part of one of the ablest.judges who ever sat upon the supreme bench.
In Boos v. Ewing et al., 17 Ohio, 500, where the majority of the court held to that doctrine, Judge Hitchcock rendered a very vigorous dissenting opinion. On page 527 he uses this language:
“The extent to which this Court has heretofore gone is, to establish the principle that a vendor has a lien upon the land sold for his purchase money, provided he takes no other security for its payment than the personal security of the vendee. But if he takes any other security, let it be real or personal, the security so taken must be relied upon —the implied lien is extinguished. The same principle or rule prevails, as I understand, in all the other states of the Union where this implied lien is recognized. And it is a rule founded in reason, and easily understood. , That is, it is founded in reason, provided there is reason in saying that a man can have an interest in land, after having done all he could, by absolute conveyance, to divest himself of all interest.”
*55 In Brown v. Gilman, 4 Wheat., 255, the court said:
“The equitable lien of the vendor of land, for unpaid purchase money, is waived, by any act of the parties showing that the lien is not intended to be retained, as by taking separate securities for the purchase money.”
In the same case (Gilman v. Brown, 1 Mason, 191), Justice Joseph Story says, at page 215:
“On a careful examination of all the authorities I do not find a single case, in which it has been held, if the vendor takes a personal collateral security, binding others as well as the vendee, as, for instance, a bond or note with a surety or an endorser, or a collateral security by way of pledge or mortgage, that under such circumstances a lien exists on the land itself.”
In Schurtz, Admr., v. Colvin et al., 55 Ohio St., 274, it is unequivocally held that the vendor of land who takes a mortgage upon the premises, including in the same other lands of the vendee, thereby waives his lien for the purchase money.
“A vendor’s lien is at least presumptively waived when he accepts any distinct and independent security for the purchase-money, as for example, the note * * * of the purchaser himself with personal security.” 39 Cyc., 1835.
“No lien for the purchase money upon a sale of real property will attach where the vendor takes from the vendee personal security for the payment of the consideration money.” Follet v. Reese, 20 Ohio, 463.
“The vendor’s lien is lost, where the vendor takes real or personal security for the payment of *56 the purchase money.” Mayham v. Coombs, 14 Ohio, 429.
“The vendor of land, who makes a conveyance and takes notes with personal security for the purchase money, does not retain a lien on the land for that purchase money.” Williams v. Roberts, 5 Ohio, 35.
The doctrine of these cases seems to us to rest upon the proposition that where the vendor does •some act which shows an unequivocal intention on his part not to rely upon the land to secure the payment of the purchase money he thereby waives the lien.
It seems to us clear that the taking of the cognovit note with the additional personal security of the name of Raechal Rae Hart thereon, followed by the act of the vendor in canceling the mortgage upon record, shows a clear intention on his part not to rely upon the land for security of his indebtedness.
We do not feel that the law relating to the maintenance of vendor’s liens should be extended any farther than it has already gone. To allow a vendor to retain a lien after he has taken a mortgage upon the premises is the law. But to allow him to retain the lien after he has deliberately canceled the mortgage upon the record and given notice to the world that he does not rely upon the land for security, or that his security is extinguished, is to allow him to play fast and loose with the rights of others and to hedge around him a legal protection when he has not seen fit to protect himself.
*57 We think that when Hiram H. Hart took the personal security of Raechal Rae Hart, and canceled the mortgage upon the record, he gave notice that he did not rely upon the land for security, and that he thereby waived his lien.
■The judgment of the lower court is reversed.

Judgment reversed.

Pollock and Farr, JJ., concur.
Judges of the Seventh Appellate District, sitting in place of Judges Powell, Houck and Shields of the Fifth Appellate District.