No. 586

ROBERTS v. KAUFMAN, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6743. Decided July 5, 1927.

(Farr and Pollock, JJ., of the Seventh District, sitting by designation with Vickery, J., of the Eighth District).

1010. REFEREES.—In trial before referee, exceptions must be taken in same manner as in court.

1228. VENDOR'S LIEN.—Taking additional security beyond that of property sold is a waiver of vendor's lien.

1105. STATUTE OF FRAUDS—953. Priority—787. Mortgages.—Oral agreement fixing priority of mortgages can be enforced between parties.

**First Publication of this Opinion**

POLLOCK, J.

Action to foreclose a mortgage executed by defendant Minnie Kaufman and her husband. The Union Mortgage Co. was a party defendant. The Mortgage Co. filed an answer and cross petition, alleging that they had a mortgage covering the same property and further alleging that the plaintiff had made an agreement with them by which their mortgage should be a prior lien. The case was tried to the Common Pleas Court, and after judgment therein was appealed to this court. After appeal, plaintiff got leave to file an amended reply. denying the agreement set up in the answer and cross petition of the Mortgage Co., and after this answer was filed, the cause was referred to a Referee.

The action is now on a motion on the part of the Mortgage Co., to confirm the report of the Referee, and on the part of the plaintiff objecting and excepting to the report of the Referee, finding that the mortgage of the Mortgage Co. was prior to that of plaintiff.

There was no motion for a new trial filed before the Referee and no bill of exceptions. We think that a failure to file such motion and bill of exceptions prevents an examination, by this Court, of the evidence taken. The hearing before a Referee is a trial, and all steps necessary to cause a court to review the findings on the evidence must be complied with. Lawson v. Bissell, 7 OS. 129; Ides v. Churchill, 14 OS. 377; Oil Co. v. Vernon, 22 OS. 372; Cincinnati v. Cameron, 33 OS. 336.

The further question was urged that even if plaintiff did, by his agreement, waive the priority of the mortgage, this did not include a waiver of his vendor's lien. An examination of the report of the Referee, shows that the waiver of priority which the Referee found that Roberts had made, was not limited to the mortgage, but that it was a waiver of his lien, which would include the vendor's lien.

There is another reason why the defendant has waived his vendor's lien. It appears from the record that the notes referred to were executed not only by the purchaser of the property, but also by her husband. This was taking additional security beyond that of the property sold. In doing so, she waived her vendor's lien. Williams v. Roberts, 5 Ohio 35; Mayham v. Coombs, 14 Ohio 428; Hart v. Sola, 10 Ohio App. 52.

We now come to the real contention between the parties. It appears that, at the time this property was sold, it was arranged between the plaintiff and the Mortgage Co. that the Mortgage Co. would loan to Kaufman Eighteen Thousand Dollars on each of the two lots, for the purpose of erecting a new building, and that this loan was to be secured by a mortgage which should be a first lien upon the property, and that plaintiff waived his vendor's lien in favor of this mortgage. Later it developed that an additional loan would be necessary in order to complete the buildings. The Mortgage Co. agreed to make an additional loan of $4000.00 upon each lot, and accepted two notes of $22,000.00 each, secured by new mortgages, and Roberts agreed to waive the priority of his lien in favor of the new mortgages; and that he would waive this priority in writing. The Mortgage Co. thereupon cancelled the old mortgages, and requested Roberts to comply with his agreement by executing waivers in writing. He pleaded neglect, and promised that the writing should be furnished, which was never done, and the only agreement existing between the parties as to the priority of the liens is verbal.

It is urged on behalf of the plaintiff that the conclusion reached from these facts by the Referee, is not well taken, for the reason that this oral agreement refers to an interest in real estate and comes under the statute of frauds, Sec. 8621 GC.

An oral agreement fixing the priority of mortgages can be enforced between the parties. This principle is held by several reputable authors referring to this subject. 1 Jones on Mortgages, Sec. 608; 27 Corpus Juris, 218; 25 Ruling Case Law, Sec. 168; Thompson on Real Property, Volume 5, page 361.

The judgment is in favor of the Mortgage Company, giving it a prior lien over the lien of Plaintiff Roberts.

(Farr and Vickery, JJ., concur).

Attorneys—Messrs. Howell, Roberts & Duncan for Roberts, Messrs. Wilkin, Cross & Daoust for Kaufman, et; all of Cleveland.