## State v. Younger
*[Cite as 3 AOA 214]*

*Case No. 57080*
*Cuyahoga County, (8th)*
*Decided May 31, 1990*

*John T. Corrigan, Cuyahoga County Prosecutor, The Justice Center, 8th Floor, 1200 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*Ronald E. Klima, 516 Standard Building, 1370 Ontario Street, Cleveland, Ohio 44113, for Defendant-Appellant.*

NAHRA, J.

On July 17, 1988, Daniel Robert Gilmore and two friends, Derek Walker and Marshall Finch, drove from their hometown of Warren, Ohio to Cleveland. They attended the national rib burn off and later went to the Flats area and left about 10:00 p.m. to drive back to Warren. Thinking that they would reach interstate 422, Gilmore drove his pickup truck eastbound on Superior Avenue. Between East 68th Street and Russell Road, Gilmore's pickup truck was involved in an accident with a motor scooter operated by Arthur Cook. Gilmore stopped his pickup truck, and all three went to see if the driver had been injured. Cook began to curse and Gilmore walked back to his truck and sat on the tailgate. Other people collected and began pouring beer on the truck. Carolyn Badley, who was walking to a local bar at the time, testified that she observed someone give a "bum rush" yell which is a code word for "fight". Someone else attempted to grab the keys to the parked truck. Gilmore was struck over the head with a 40 ounce beer bottle by appellant, Donnell Younger. Two other people did the same. Badley testified that twenty to thirty black males participated in the beating. A variety of witnesses testified that while Gilmore lay on his face, he was stomped and kicked repeatedly by several people, including Donnell Younger. Angela Cook, another bystander, testified that she heard Donnell Younger yell "bum rush" and saw Younger strike Gilmore.

Anthony Hill took Gilmore's truck keys and jumped on the truck along with Clarence Malone. Hill proceeded to drive the truck over Gilmore. Finch and Walker, Gilmore's friends, found Gilmore bleeding on the ground on their return to the scene after having escaped temporarily. Gilmore died later that evening.

On July 18, 1988, Dr. Robert Challenger, the Deputy Coroner of Cuyahoga County, performed an autopsy on Gilmore. Challenger testified that he noticed external injuries to the head, trunk and extremities and that the injuries causing death were suffered in the vicinity of decedent's trunk. While the decedent's brain was bruised, his skull was not fractured. Internally both of decedent's lungs were scraped and bruised; the diaphragm was bloodied and bruised; ribs were fractured and a kidney was stripped of its capsule; in addition, Gilmore's heart was torn and bruised. Challenger determined the cause of death to be a crushing impact to the trunk with multiple fractures and visceral injuries.

Younger testified that he did not strike Gilmore and that he was trying to keep people calm.

On August 2, 1988, Donnell Younger was indicted for murder pursuant to R.C. 2903.01, aggravated riot and two charges of felonious assault. On October 11, 1988, trial commenced and the jury found defendant-appellant not guilty of murder and the charges of felonious assault.

The jury did find Younger guilty of the lesser included offense of involuntary manslaughter under R.C. 2903.04. The jury also found Younger guilty of aggravated riot.

On December 12, 1988, the trial court sentenced Younger to a prison term of ten years to twenty-five years for the involuntary manslaughter conviction. Younger was also sentenced to a term of one and one-half years for the aggravated riot conviction to be served concurrently with the prior sentence. This appeal follows.

Appellant's sole assignment of error states:

"THE EVIDENCE IS CONSTITUTIONALLY INSUFFICIENT TO SUSTAIN A VERDICT OF INVOLUNTARY MANSLAUGHTER."

The Supreme Court of Ohio has stated:

"In reviewing a claim that a jury verdict was against the weight of the evidence, or that the evidence was insufficient, a reviewing court's duty is to review the record to determine whether there was sufficient evidence for the jury to find defendant guilty beyond a reasonable doubt." *State* v. *Brown* (1988), 38 Ohio St. 3d 305 (Syl. 4), 528 N.E.2d 523, *cert. denied* (1989), 109 S. Ct. 1177; *see State* v. *Barnes* (1986), 25 Ohio St. 3d 203, 209, 495 N.E.2d 922; *see also State* v. *Eley* (1978), 56 Ohio St. 2d 169, syllabus, 383 N.E.2d 132.

R.C. 2903.04, which defines the offense of involuntary manslaughter, states in pertinent part:

"(a) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a felony."

Younger contends that his felonious conduct was not the proximate cause of Gilmore's death. Appellant does not contest his conviction of aggravated riot, a felony, and admits in his brief that his conduct constituted felonious assault. In *State* v. *Chambers* 53 Ohio App. 2d 266, syllabus, 373 N.E.2d 393, the Ninth District Court of Appeals stated:

"The proximate cause theory of criminal liability is the applicable standard in R.C. 2903.04 and where a person, acting individually or in concert with another, sets in motion a sequence of events, the foreseeable consequences of which were known or should have been known to him at the time, he is criminally liable for the direct, proximate and reasonably inevitable consequence of death resulting from his original criminal act."

The Court of Appeals for Franklin County construed the meaning of proximate cause within the context of R.C. 2903.04 when it stated:

"* * * a person will be criminally responsible for causing the death of another only where the consequences of his conduct are direct, normal, and reasonably inevitable, when viewed in light of ordinary experience." *State* v. *Losey* (1985), 23 Ohio App. 3d 93, syllabus, 491 N.E.2d 379.

Younger asserts that there is no evidence in the record that he should have known that by striking Gilmore over the head with his fists that he would set in motion the sequence of events that transpired. He maintains that it was not foreseeable that another person would steal Gilmore's truck and run over the victim.

A review of the record indicates that there was sufficient evidence to convict Younger for involuntary manslaughter. By striking Gilmore over the head with a forty ounce beer bottle and kicking him repeatedly, Younger rendered Gilmore defenseless on a busy thoroughfare. We believe that it was foreseeable that Younger's felonious conduct under the riotous circumstances would result in Gilmore being run over by a motor vehicle, whether the one stolen or some other. Hence, Younger's conduct set in motion a sequence of events that led to the death of Gilmore.

We also find Younger culpable for involuntary manslaughter as an aider and abettor.

R.C. 2923.03, which defines the crime of complicity, states in pertinent part:

"(A.) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

"* * *

"(2.) Aid or abet another in committing the offense." To establish Younger's guilt as an aider or abettor, the state was required to show that he assisted, incited, or encouraged the driver of the truck to run over Gilmore. *State* v. *Sims* (1983), 10 Ohio App. 56, 460 N.E.2d 672. Here, the record reveals that appellant yelled "bum rush" at the time of riot. Such an expression, according to a variety of witnesses, is a call for a fight. We believe that Younger encouraged the savage beating of Gilmore as well as for one of the participants to drive the truck over Gilmore, causing his death.

Therefore, appellant's assignment of error is overruled.

*Judgment affirmed.*

DYKE, P.J., and McMANAMON, J., concur.