(No. 13034.—Reversed and remanded.)
THE CENTRALIA GAS AND ELECTRIC COMPANY, Appellee,
*vs.* W. F. WILSON, County Collector, Appellant.

*Opinion filed December 17, 1919.*

1. TAXES—*when assessment of capital stock by board of review is illegal.* Where the capital stock of a gas and electric corporation has been assessed by the State Board of Equalization, an attempted assessment of such capital stock by the county board of review is illegal.

2. SAME—*when tax is illegal only as to the excess—injunction.* Where it appears from the tax books that the county clerk in extending taxes against a corporation used both the assessed valuation of capital stock made by the State Board of Equalization and an assessed valuation of such capital stock made by the county board of review the excess of taxes made by using the county board's valuation is illegal, but as such excess can be computed from the face of the tax books and the amount of valid taxes ascertained, an injunction against the collection of the taxes should be limited to the illegal excess, only.

3. SAME—*county clerk's duty in extending taxes is ministerial.* The duty of the county clerk in extending taxes upon the collector's books on the valuation furnished to him and at the rates properly certified to him by various taxing authorities is wholly ministerial.

APPEAL from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding.

S. N. FINN, State's Attorney, LEO H. JONAS, and ELBERT B. VANDERVORT, for appellant.

FRANK F. NOLEMAN, JUNE C. SMITH, and ROBERT E. WRIGHT, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The Centralia Gas and Electric Company filed a bill in the circuit court of Marion county against the county collector of that county for an injunction against the collec-

tion of certain taxes, alleging that the complainant was an Illinois corporation, a gas company, whose capital stock it was the duty of the State Board of Equalization to assess; that the State Board of Equalization made a legal assessment of the complainant's capital stock in 1918; that the board of review of Marion county had no authority to assess the complainant's capital stock, but it attempted to do so and placed upon the assessor's book of Centralia township a pretended assessment of its capital stock for 1918 in the sum of $174,224 and for the year 1917 as omitted property in the sum of $172,165, making a total assessment of $346,395, upon which taxes were extended, which the county collector was attempting to collect. The collector answered, denying that the board of review was without authority to make the assessment. The cause was heard, and the court found that the complainant's capital stock was subject to assessment in 1918 by the State Board of Equalization and was assessed by that board at $25,000 and that the county clerk extended the State tax on that assessment at $187.50, which was a legal tax against the complainant; that the board of review of Marion county, on October 5, 1918, attempted to make an assessment against the capital stock of the complainant of $174,222 for 1918 and $172,165 for 1917, and the county clerk extended all taxes except the State taxes on the assessment made by the board of review, the amount so extended being $9110.21; that the board of review had no power to make the assessment, and that its attempted assessment, and the taxes extended thereon, were void. A decree was accordingly entered enjoining such taxes, and the collector appealed.

It appears from the certificate of evidence that the board of review made and placed upon the assessment book of Centralia township for 1918, against the complainant, an assessment of capital stock of $174,220 for 1918 and $172,165 for 1917, making a total full cash value of $346,395 and an assessed value of $115,465. The collector's book for

Centralia township for 1918 shows the following personal taxes etxended against the complainant:

| Line | Capital Stock Centralia Gas and Electric Co. | Value as fixed by County Board of Review | Equalized value by State Board | State Tax | County Tax | Town Tax | Road & Bridge Tax | City Tax |
|---|---|---|---|---|---|---|---|---|
| 7 | 115465 | | 25000 | 187.50 | 865.99 | 103.92 | 877.54 | 2447.86 |

| District School Tax-135 | High School Tax | Total amount Taxes due |
|---|---|---|
| 3221.48 | 1593.42 | 9297.71 |

The various tax rates on each $100 valuation were as follows: State, .75; county, .75; town, .09; road and bridge, .76; city, $2.12; district school, $2.79; high school, $1.38; total, $8.64.

From this evidence it appears that the county clerk used both valuations in extending the taxes,—that of the State board for the State tax and that of the county board for the other taxes. It is admitted that the assessment of the State board is valid and that of the county board void, therefore the extension of all taxes except the State tax was excessive in proportion to the excess of the county board assessment over the State board assessment. The State board's assessment is 21.651 per cent of that of the board of review, and if the clerk had extended 21.651 per cent of the amounts which he actually did extend, no objection would exist to the tax. He had both assessments before him and the rates properly certified by the various taxing authorities. His duty was to extend on the collector's book the amounts of the respective taxes produced by the application of the rate to the valuation legally assessed and was wholly ministerial. He undertook to do this but erroneously assumed that the assessment of the board of review was legal as to all except the State tax, and therefore the amount extended was excessive to the extent of that excess. It was not legal, but the whole tax was not for this reason invalidated. So much of the amount ex-

tended as has the legal assessment to rest on is valid. The error of the clerk in extending an excessive amount, from whatever cause it may have arisen, does not render the act entirely void. Only the excess is invalid. There is no difficulty in correcting the error, for the collector's book itself shows the cause and the amount of it. The excess of the tax above the amount based upon the assessment of the State Board of Equalization was properly enjoined, but the complainant was bound to pay the amount based upon that assessment,—that is, the State tax and 21.651 per cent of the other taxes extended on the collector's book.

The decree will be reversed and the cause remanded, with directions to enter a decree in accordance with this opinion.

.Reversed and remanded, with directions.