(No. 17452.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
THE EVANSTON RAILWAY COMPANY, Appellee.

*Opinion filed October 28, 1926.*

1. PRACTICE—*facts stated in briefs must be found in the record.* The Supreme Court can look only to the record of the trial court in determining issues between the parties and the facts proved, and cannot take into consideration facts asserted *dehors* the record and that are brought to the court's attention by mere statements of counsel in the briefs.

2. TAXES—*when tax receipt is a complete defense to action for personal property taxes.* In an action in debt against a railroad company for delinquent personal property taxes, a receipt signed by the town collector showing payment of "the annual State, county, city, school, drainage, park and other corporation taxes for the year 1923 on personal property" must be regarded as a complete defense in the absence of any evidence otherwise explaining and contradicting it, and the mere unsupported statement of counsel that the receipt was for the tax on capital stock as valued by the State Tax Commission and that the tax on the assessment by the local assessor on tangible personal property was not paid cannot be considered.

APPEAL from the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

ROBERT E. CROWE, State's Attorney, and WILLIAM H. DUVAL, (ROBERT C. O'CONNELL, of counsel,) for appellant.

McCULLOCH & McCULLOCH, (GROVER C. McLAREN, and ARTHUR ABRAHAM, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an action in debt by the People of the State of Illinois against the Evanston Railway Company for the recovery of delinquent personal property taxes for the year 1923, amounting to $1953.22. The declaration was filed to the December term, 1925, of the circuit court of Cook county. The railway company filed the plea of *nil debet* and a further plea of payment, in which latter plea it is averred that the defendant paid to C. A. Rogers, Jr., collector of the town of and the city of Evanston, Cook county, Illinois, the full amount of all the annual State, county, city, school, drainage, park and other corporation taxes levied and assessed for the year 1923 on the personal property of the defendant in full satisfaction and discharge of the sum of money above demanded. Issues were joined on these two pleas and the cause was heard before the court without a jury and judgment was rendered in favor of the railway company. The People of the State of Illinois have prosecuted this appeal.

Upon the hearing before the court the People, to maintain the issues in their behalf, introduced in evidence page 34 of volume 1 of the assessment roll for the year 1923 for the city and town of Evanston and school district No. 75. This page of the assessment roll showed the following assessment against the Evanston Railway Company, located at Central and Bryant streets: "All other personal property required to be listed, $41,250; total full value, $41,250; total assessed value by the board of assessors, $20,625; total assessed value as corrected by the board of review, $20,625." A clerk in the personal property department of the county treasurer's office testified that he was familiar with the books in the office and that he had the volume which showed the assessment of the Evanston Railway

Company, and it was volume 8, Evanston school district 75, which was offered in evidence by the plaintiff. He further testified that the item No. 1486 is assessed against the Evanston Railway Company, Central and Bryant streets, Evanston, and that the assessment is on $20,625, and that the total tax was $1953.22, and that it was unpaid. He also testified that the assessment roll aforesaid, line 12, shows the assessment against Evanston Railway Company in column 37, entitled, "All other personal property required to be listed," and the figures $41,250; and under the column "Total full value," $41,250; and under the column entitled "Total assessed value by board of assessors," $20,625; and under the column "Total assessed value as corrected by the board of review," $20,625; that the collector's warrant for the town and city of Evanston for the year 1923 shows the tax levied, item No. 1486, against the Evanston Railway Company, to be $1953.22 on a valuation of $20,625, and shows that the tax is unpaid.

The appellee introduced in evidence as its defense a receipt of C. A. Rogers, Jr., collector of the "Town of the City of Evanston," to the appellee, which was duly signed by the said collector, the genuineness of which receipt is admitted by the appellant. This receipt is in this language: "Received of Evanston Ry. Co., assessed at Bryant ave. and Central st., sixty-three hundred sixty-seven dollars and no cents, for the annual State, county, city, school, drainage, park and other corporation taxes for the year 1923 on personal property situated in said town, to-wit, volume 1, line 8651½; valuation as made by board of assessors, 68315; valuation as established by board of review, 68315; valuation as equalized by State board, 68315; amount of tax, dollars 6367, cents 00." The foregoing was all the evidence introduced by either party in this proceeding.

Appellant states in its brief that the State Tax Commission had made an assessment on the capital stock of appellee fixing the assessed valuation of $68,315, and that a

tax was extended on that valuation amounting to $6367; that a bill was accordingly sent to appellee, which was paid, the receipt for which is the one introduced by appellee in evidence; that an assessment was made by the local assessor on the tangible personal property of appellee fixing the full value at $41,250 and the assessed value at $20,625, upon which a tax of $1953.22 was extended, and that the latter tax has not been paid by appellee. These facts may be as stated by appellant, but there is no proof in the record that shows them to be true. This court can only look to the record of the trial court in determining the issues between the parties and the facts proved, and cannot take into consideration facts asserted *dehors* the record and that are only brought to our attention by mere statements of counsel in the briefs. (*Haas Electric Co.* v. *Amusement Co.* 236 Ill. 452.) The receipt introduced in evidence by appellee purports to be a receipt in full "for the annual State, county, city, school, drainage, park and other corporation taxes for the year 1923 on personal property." The giving of the tax receipt by the town collector was an official act which the statute requires him to perform. The purpose of such a receipt is to furnish the tax-payer with written evidence of payment. Such a receipt is original evidence, which may be explained or rebutted by parol or other competent evidence. The receipt must be regarded as a complete defense to this suit in the absence of any evidence otherwise explaining and contradicting it. (*Osburn* v. *Searles,* 156 Ill. 88.) Its authenticity is admitted, and it must therefore be taken as proof of the payment of all personal taxes of appellee for the year 1923.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*