(No. 38105.—

La Salle Construction Company *et al.,* Appellants, *vs.*
Bernard J. Korzen, County Collector, Appellee.

*Opinion filed January 22, 1964.*

Adelbert Brown, McDonald, Schmidt & Baker,
Martin, Craig, Chester & Sonnenschein, Philip J.
Carey, and Herman V. Silvertrust, all of Chicago, for
appellants.

Daniel P. Ward, State's Attorney, of Chicago, (Ed-
ward J. Hladis and Joseph V. Roddy, Assistant State's
Attorneys, of counsel,) for appellee.

Mr. Justice Solfisburg delivered the opinion of the
court:

This is an appeal from a decree dismissing a class
suit brought by the La Salle Construction Company and
Kremer Photo-Print, Inc. on behalf of themselves and all

other taxpayers similarly situated. Suit was brought to enjoin the Cook County collector from distributing to the respective taxing bodies any tax monies collected on 1960 personal property tax bills extended on capital stock assessments made by the Illinois Department of Revenue and to refund to the taxpayers the amount of taxes paid on such bills.

Public revenue being involved appeal is taken directly to this court from the order of the circuit court of Cook County dismissing the proceeding for want of equity.

The sole question presented by this appeal is whether the issuance of separate tax bills, one extended on the assessment of capital stock by the Department of Revenue and one or more extended on the assessment of tangible personal property by the county assessor, violate any statutory command or any constitutional right of the plaintiffs.

Capital stock of manufacturing, mercantile, mining, and certain other enumerated businesses must be locally assessed by the assessing agency in the county where the corporation maintains its principal place of business. Capital stock of all other domestic corporations, including the appellants, is assessed by the Department of Revenue. Ill. Rev. Stat. 1959, chap. 120, pars. 498, 502.

Although the assessment of capital stock for corporations is divided between the local and State agencies, the tangible personal property of all corporations is assessed only by the local assessor. Ill. Rev. Stat. 1959, chap. 120, par. 498.

The appellants contend that the Revenue Act requires that the State-assessed capital stock be added to the tangible personal property assessment made by the local assessor and that the local assessor consolidate them into one personal property tax bill. (Ill. Rev. Stat. 1959, chap. 120, par. 645.) The 1960 personal property tax bills did not consolidate these assessments, which resulted in separate tax bills issued to those corporations having capital stock assessed by the

Department of Revenue. One tax bill covered tangible personal property and another covered capital stock.

It is the appellants' contention that the Revenue Act clearly provides for one tax bill only, and also that those taxpayers receiving two tax bills are being discriminated against under the uniformity clause of our State constitution, and the equal protection clause of our Federal constitution. It is admitted that the amount of the tax would be the same whether there had been one tax bill sent or two.

Section 164 of the Revenue Act of 1939, which is in controversy, provides as follows: "In counties of 500,000 or more inhabitants, the county clerk shall, and in all other counties the county clerk may, extend on each valuation of property the sum of the taxes to be extended upon such property in one total. The taxes so extended when collected shall be divided among the taxing bodies levying the same in proportion to the rates as determined by the clerk, after deducting from any tax the amount or amounts, if any, adjudged invalid by the final judment of a court of competent jurisdiction." (Ill. Rev. Stat. 1959, chap. 120, par. 645.) We do not agree with the plaintiffs' contention that the statute prohibits more than one tax bill for all personal property. Section 164 only requires the county clerk to extend the taxes in one total on each valuation. There is no requirement to combine the assessments of each taxpayer in one total. The key phrase is "on each valuation" and not the phrase "in one total". The intent of this provision is to prevent the taxpayer from getting a separate tax bill from each taxing unit on each valuation of property.

In the present case the 1960 personal property taxes were extended in one total on the valuation of the capital stock by the Department of Revenue and the taxes were extended in one total on the valuation of tangible personal property by the county assessor. It is the opinon of this court that the statutory dictates of the Revenue Act have been met.

Plaintiffs have cited the case of *People* v. *Evanston Railway Co.* 323 Ill. 109, as establishing a mandatory rule that capital stock assessment and tangible personal property assessment must be consolidated and that only one bill can be sent to the taxpayer. That case was an action in debt by the State of Illinois against a railroad company for the recovery of delinquent personal property taxes. The railroad company filed a plea of *nil debet* and a further plea of payment. It offered into evidence a receipt from the town collector which had been given when the company paid its State-assessed capital stock assessment. The court did not hold that the statute prohibited issuance of separate tax bills but only that the receipt which on its face purported to be a receipt in full "for the annual state, county, city, school, drainage, park and other corporation taxes for the year 1923 on personal property" was, in the absence of other evidence otherwise explaining and contradicting it, a complete defense to any further claim for personal property taxes.

Plaintiffs also cite *Centralia Gas and Electric Co.* v. *Wilson,* 290 Ill. 294. However, that case involved two assessments on the same property—the capital stock of the company—made by both the Department of Revenue and the local assessor and was clearly illegal.

Plaintiffs other. contention that the fact that certain corporate taxpayers whose capital stock is assessed by the Department of Revenue get two tax bills while other corporations receive one constitutes unconstitutional discrimination is not strongly urged upon us on this appeal. There is no contention that the amount or rate of tax is discriminatory, but merely that certain taxpayers receive a different number of bills. This court has long held that the classification of certain corporations for assessment by the Department of Revenue and others for local assessment is not unconstitutional discrimination. (*The Hub* v. *Hanberg,* 211

Ill. 43.) It must logically follow that the same classification is proper here.

We find no statutory or constitutional violation in the manner by which the 1960 personal property tax bills were rendered to the plaintiffs, and for the reasons stated the decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*