Mike A. Fargo, Plaintiff-Appellee, v. Alfred E. Engling, Sr. and Alfred J. Engling, Jr., Defendants-Appellants.

Gen. No. 51,146.

First District, Third Division.

November 24, 1967.

Samuel T. Klaskin, of Chicago, for appellants.

Barbera and Friedlander, of Chicago (Dom J. Rizzi, A. J. Hardiman, and Donald G. Zerwer, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Defendants appeal from an order of dismissal of the above cause by the Circuit Court of Cook County entered on September 17, 1962, on the ground that the court lacked jurisdiction to grant plaintiff's motion to vacate an order of dismissal entered three years prior to said motion.

On February 25, 1959, plaintiff filed a complaint in the Circuit Court of Cook County against defendants, Alfred E. Engling, Sr., and Alfred J. Engling, Jr. The complaint sought damages in the amount of $25,000 for alleged injuries sustained in an automobile collision. On March 26, 1959, defendants answered the complaint and filed a counterclaim against the plaintiff seeking judgment in the sum of $15,000 for injuries sustained in the same collision. After the counterclaim had been filed, the law firm of Querrey, Harrow, Gulanick and Kennedy (Querrey, Harrow) obtained leave to file their appearance as additional counsel to appear for the plaintiff. On September 17, 1962, a stipulation to dismiss the counterclaim was filed in court. The stipulation read as follows:

"Stipulation to Dismiss Counterclaim

"It is hereby stipulated and agreed by and between the parties to the above entitled Counterclaim, acting through their respective attorneys, that said Counterclaim be dismissed without costs to either party, all costs having been paid and all matters in controversy for which said Counterclaim was brought having been fully settled, compromised and adjourned.

"Dated this 11th day of September, 1962.

> Samuel T. Klaskin
> /s/ Samuel T. Klaskin
> Attorney for Plaintiff
> (Counter)
> Querrey, Harrow, Gulanick
> & Kennedy
> By: /s/ Querrey, Harrow,
> Gulanick & Kennedy
> Attorneys for Defendants."

It will be noted that Querrey, Harrow signed the stipulation as attorneys for defendants, whereas they had filed an appearance as additional counsel for the individual plaintiff (cross-defendant).

On September 17, 1962, the trial judge entered the following order:

> "It appearing to the court that said cause has been settled, and by agreement of the parties:
> "IT IS HEREBY ORDERED, adjudged and decreed that the above entitled cause be and the same is hereby dismissed without costs.

> Enter: /s/ Cornelius J. Harrington,
> Judge."

Thereafter, on September 13, 1965, nearly three years after the order of dismissal was entered, the plaintiff

moved to vacate the order of dismissal and was given leave to file a petition in support of the motion.

On September 23, 1965, the plaintiff filed a petition in which plaintiff set up that in 1959 the plaintiff filed a law suit against Alfred E. Engling, Sr. and Alfred J. Engling, Jr., case No. 59C 3261. Thereafter the defendants filed a counterclaim against plaintiff. On or prior to September 17, 1962, an agreement was reached between Querrey, Harrow, who represented the plaintiff on the counterclaim, and Samuel T. Klaskin, to settle the counterclaim which was brought against plaintiff. The attorneys entered into the stipulation heretofore set forth to dismiss the counterclaim. The stipulation was presented to the judge and at the same time an order to dismiss was presented. The order of dismissal dismissed the entire cause rather than only the counterclaim.

The petition further alleged that the order did not state that the court was fully advised in the premises, and, in fact, the court was not fully advised in the premises when it entered the order of September 17, 1962. The petition prayed that the order of September 17, 1962, be clarified so that it would pertain only to the counterclaim, as was intended by the parties, or, in the alternative, that the order be vacated and set aside as to the plaintiff, and that the cause be set for trial. Thereafter the defendants filed a motion to dismiss the petition on the grounds that it was not filed within two years after the entry of the order of dismissal, which was entered on September 17, 1962, that it did not appear from the petition that the plaintiff was under legal disability or duress, or the ground for relief was fraudulently concealed from him. The court, after a hearing, vacated the order of dismissal of September 17, 1962, as to the plaintiff, and ordered that the cause upon plaintiff's complaint be reinstated. The order further overruled the motion by defendants to dismiss the plaintiff's petition.

The defendants contend that the court lacked jurisdiction to vacate the order of dismissal because it had been entered nearly three years prior to the filing of the motion and petition. The defendants rely on section 72(3) of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 72(3)). That section provides that a petition to obtain relief from final orders, judgments or decrees after thirty days from the entry thereof must be filed not later than two years after the entry of such order, judgment or decree. It also provides that the time during which the person seeking relief is under legal disability or duress, or the ground for relief is fraudulently concealed, shall be excluded in computing the period of two years.

The plaintiff argues that he is not seeking relief under section 72 and that section 72(7) reads as follows:

> "Nothing contained in this section affects any existing right to relief from a void order, judgment or decree, or to employ any existing method to procure that relief."

The plaintiff further contends that the order appealed from as it pertained to the plaintiff's cause of action was void. In support of this the plaintiff argues that a notice of the motion to dismiss the suit, or any part of it, was not served upon the attorney representing the plaintiff in his claim for personal injury and that was in direct violation of the uniform rules of the Circuit Court of Cook County which were in effect at the time.

The defendants answer that the petition to set aside the order of dismissal did not allege that notice of the entry of order of dismissal was not served upon the attorneys for the plaintiff. An examination of the record discloses no notice but that of itself would not prove that the plaintiff did not receive notice. In People v. Evanston Ry. Co., 323 Ill 109, 112, 153 NE 603, the court said:

> "This court can only look to the record of the trial court in determining the issues between the parties

268

and the facts proved, and cannot take into consideration facts asserted *dehors* the record and that are only brought to our attention by mere statements of counsel in the briefs."

The petition in this case does not allege that no notice was received, and plaintiff cannot rely on failure to receive notice unless it is made a part of the record, despite the fact that the defendants' attorney (Klaskin) on oral argument stated that he did not know about the wording of the dismissal order until after he was served with a copy of the motion to vacate the order. However, plaintiff cannot rely, as we heretofore stated, upon failure to receive a notice when there is nothing in the record to indicate whether he did or did not receive it.

The plaintiff next argues that his petition to vacate was not in the nature of a writ of error coram nobis under section 72 of the Civil Practice Act, but rather was a motion to expunge from the record a void order which may be vacated after two years.

■■ In Sherman & Ellis, Inc. v. Journal of Commerce and Commercial Bulletin, 259 Ill App 453, the court said that it has been repeatedly held that a court may at any time expunge from its record void orders or judgments. In the case before us the stipulation filed by the attorneys representing the defendant to the counterclaim (plaintiff) and the attorney for the defendants and counterclaimants, was strictly limited to a dismissal of the counterclaim. The petition alleges that the law firm of Querrey, Harrow represented the plaintiff on the counterclaim. The attorney who filed the original complaint represented the plaintiff as to that portion of the case. Since the stipulation did not authorize the dismissal of the entire law suit, and since the case was not on the trial call, the court was without jurisdiction to dismiss that part of the case not included in the stipulation. The stipulation did not confer upon the court the power to dismiss the entire case but was limited strictly to the coun-

■■■

terclaim. There can be little question that the law firm of Querrey, Harrow was in this case only to defend the plaintiff on the counterclaim, and the order presented by Querrey, Harrow to the court was not only not in conformity with the stipulation presented to the court but was beyond the authority which it possessed in representing the plaintiff.

■■ We believe that the order in question was void insofar as it related to the original claim of the plaintiff, and could be vacated at any time the matter was brought to the attention of the court. This the experienced trial judge did.

Order affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.