CROWE, Respondent, vs. COLBETH, Administrator, etc., and others, Appellants.

*September 2 — September 22, 1885.*

EVIDENCE.  *(1) Transactions with deceased person: Admission against interest.  (2) Payment: Receipt.*
VENDOR AND PURCHASER OF LAND.  *(3) Lien of vendor: Death of purchaser.*
LIMITATION OF ACTIONS.  *(4) Statute must be pleaded.*

1. The testimony of a party as to transactions by him with a deceased person from whom the opposite party derives title, may properly be received so far as it is merely an admission against his interest of payments made by such deceased person.
2. The execution and delivery of a conveyance of land acknowledging the receipt of the purchase money is *prima facie* evidence of the payment, but may be rebutted.
3. Death of the grantee of land does not destroy the grantor's lien for the purchase money.
4. To be available the statute of limitations must be pleaded.

APPEAL from the Circuit Court for *St. Croix* County.
The case is sufficiently stated in the opinion.

For the appellants there was a brief by *R. H. Start* and *L. P. Wetherby*, and oral argument by *Mr. Start*.

For the respondent there was a brief by *John W. Bashford*, attorney, and *Tenney & Bashford*, of counsel, and oral argument by *Mr. R. M. Bashford*.

TAYLOR, J.  The respondent brought this action in the circuit court to enforce a vendor's lien for the purchase money of a certain parcel of real estate which he had sold to August Hancher during his life-time, and which the respondent claims was not paid by said August Hancher in his life-time, nor by his personal representatives or heirs at law after his decease.  The appellants are the administrator and the widow and heirs at law of the deceased.  The answers are a general denial and payment.

On the trial in the court below the respondent offered in evidence the contract and deed set out in the complaint. The contract was dated November 5, 1866, and by its terms the respondent agreed to convey to August Hancher the lands described therein and in the complaint, for the consideration of $600,— $100 to be paid down, and the balance within three years; and it was further agreed that when one half the purchase money was paid, then the respondent was to give a deed to Hancher for the land. The respondent did give Hancher a deed for the land, bearing date on the same day the contract was made, or on the 5th of November, 1866, but such deed was not acknowledged or recorded until the next day, November 6, 1866. The consideration mentioned in the deed is $500.

In addition to the contract and deed, the respondent called as a witness one P. Q. Boyden, who testified that the parties left with him the contract offered in evidence, and that when shown to him in court it appeared that $300 had been indorsed thereon as paid; and he further says the indorsement of $300 was not on the contract while in his hands. He also says that when the contract was delivered to him he was to keep it for both parties and return it to both, and he thinks it was to be returned to the parties when $300 was paid. He also says that after it had been so left with him he delivered it to *Crowe* and Hancher, and, as he understood, $300, or one half of the contract price, was paid, and a deed was given to Hancher according to the contract.

The plaintiff was sworn on his own behalf, and testified in regard to the transaction between himself and Hancher under objections, and in his testimony he stated that Hancher had made payments on the contract and on the purchase money, so that on August 23, 1877, there remained due him only the sum of $315.60, and for that sum and interest the circuit court gave him judgment, and directed

the lands to be sold for the payment of that sum and the costs of the action.

On the trial the judge, in giving judgment, says he excluded from his consideration all the evidence given by the plaintiff, and it is evident he did so, except that he considered the admission of the plaintiff as to the amount paid, as he gave judgment only for the $315.60, and interest thereon. The judgment was based solely on the contract and deed, the evidence of the witness Boyden, and the admission of the plaintiff that the balance due him August 23, 1877, was the sum of $315.60.

This statement of the plaintiff was properly received as an admission against his interest. As the case stands, without the admission, the plaintiff would be entitled to a judgment for a much larger sum, viz., $300, and interest either from the date of the contract or from the 5th day of November, 1869,— the date when the whole purchase money became due by the terms of the contract.

The learned counsel for the appellants contended that the court should have found that the whole of the purchase money had been paid. He insists that a presumption of payment arises from the lapse of time, and from the fact that the deed executed and delivered to the grantee acknowledges the payment of the purchase money. The execution and delivery of the deed acknowledging the receipt of the purchase money, in the absence of any other proof, would be *prima facie* proof of the payment of such purchase money; but this presumption of payment may be rebutted by any competent evidence which shows that it was not in fact paid. *Hannan v. Oxley*, 23 Wis. 519; *Horner v. C.; M. & St. P. R. Co.* 38 Wis. 176; *Wilkinson v. Scott*, 17 Mass. 249; *Brewer v. Hardy*, 22 Pick. 376; *Clark v. Deshon*, 12 Cush. 589; *Ely v. Wolcott*, 4 Allen, 506; *McKinster v. Babcock*, 26 N. Y. 378; *Bullard v. Briggs*, 7 Pick. 533; *Coles v. Soulsby*, 21 Cal. 47. In the case at bar

this presumption was entirely destroyed by the proof that when the deed was given it was well understood that only one half of the consideration had been paid, and that the deed had been given because the defendant had performed that part of his contract which entitled him to a deed by its terms. The evidence is sufficiently clear that at the time the deed was given only one half of the purchase money was paid, excluding any evidence given on that point by the plaintiff himself.

The production of the contract on the trial by the plaintiff, uncanceled and without any indorsement of payment thereon except $300, does away with any presumption of payment from lapse of time, if any evidence on the part of the plaintiff was necessary to rebut such presumption. Possibly the production of the deceased's note for the $315.60, given in 1877, might be admissible as rebutting any inference of payment from the lapse of time. We do not here determine this question, as we think the court below did not consider the note as evidence in the case, except so far as it was an admission on the part of the plaintiff that the amount due him on the contract did not exceed the amount mentioned in the note. Payment is an affirmative defense, and was pleaded by the defendants. They gave no evidence in support of such defense, and we are of the opinion that payment was not established by the evidence given by the plaintiff, nor does the presumption of payment arise from such evidence.

The death of the grantee does not destroy the grantor's lien for the purchase money. He may enforce the same against the widow and heirs at law of the grantee. *Bayley v. Greenleaf,* 7 Wheat. 46; *Warner v. Van Alstyne,* 3 Paige, 513; *Garson v. Green,* 1 Johns. Ch. 308; *Hughes v. Kearney,* 1 Schoales & L. 132; 2 Sugd. Vend. (8th Am. ed.), 680, note *k,* citing a great number of authorities.

There was no answer of the statute of limitations, and no

Webster-Glover L. & M. Co. (Limited) vs. St. Croix County and another.

demurrer to the complaint setting up the statute. The question whether the action is barred by the statute is not in the case. Sec. 4207, R. S. 1878. We are not called upon, therefore, to determine whether the plaintiff's action would be barred by the statute had such defense been set up in the answer.

We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.