CORA CUMMINGS V. MARTHA J. LYNN, Administratrix of the Estate of William Dilts, Deceased, Appellant.

Estates of Decedents: APPOINTMENT OF ADMINISTRATOR: INSUFFI-
1 CIENCY OF APPLICATION: LIMITATION. An application for the appointment of an administrator made more than five years after the death of decedent, on the ground that it is necessary to complete title to real estate of decedent, will not be granted, where the alleged ground appears to be untrue. The applicant has no interest in the estate and the application negatives the existence of personal property.

Administration: ENFORCEMENT OF CLAIMS: INVALIDITY OF PRO-
2 CEEDING. A stranger to the estate cannot, after the lapse of five years, procure administration and subject real estate which has passed to the heirs to the payment of debts, and where an administrator is appointed without a proper showing the whole proceeding is void.

Claim for Services: EVIDENCE OF PAYMENT. In an action against
3 an estate for services, entries made by the claimant in a memoranda book kept by deceased, which recite payment to a time subsequent to the death of decedent, are sufficient, in the absence of explanation, to show full payment.

*Appeal from Hardin District Court.*—HON. W. S. KENYON, Judge.

FRIDAY, OCTOBER 16, 1903.

ON April 4, 1900, Martha J. Lynn filed her application for appointment as administratrix of the estate of William Dilts, in which she alleged he was a resident of the county, died intestate October 3, 1894, left no personal property save what passed into the hands of his widow, and that

the object of the application was to complete the title to certain real estate left by him. Letters of administration issued to her, and statutory notice was published. On August 6, 1900, Cora Cummings filed her claim of $689 for balance due from deceased for services rendered him from July 3, 1893, to March 25, 1900. Jury was waived, and, after hearing the evidence, the court allowed claimant the sum of $100.—*Reversed.*

*Albrook & Lundy* for appellant.

*John Porter* and *W. J. Moir* for appellee.

LADD, J.—The application for appointment as administratrix was made more than five years atfer the death of decedent. It asserts no tenable ground for the issuance of letters. It negatives the existence of personal property, and in this respect the case is to be distinguished from *Murphy v. Creighton*, 45 Iowa, 179, where this was presumed in aid of the jurisdiction of the court, and *Lees v. Wetmore*, 58 Iowa, 170, where the court was held to have had jurisdiction to determine deceased possessed property within the county. Nor is any equity asserted to meet the suggestions in *Bridgman v. Miller*, 50 Iowa, 392, and *Haynes v. Harris*, 33 Iowa, 516. The allegation that administration was necessary to complete the title to real estate of deceased was untrue on its face. *Herriott v. Potter*, 115 Iowa, 648. Indeed, there is nothing therein to indicate that the applicant had or has the slightest interest in the estate either as heir or creditor. In these circumstances it must be held that the court, in granting administration, acted without authority. Our statute provides that "administration shall not be originally granted after five years from the death of the decedent, or from the time his death was known when he died out of the state." Section

*1. APPOINTMENT of administrator: insufficient application: limitation.*

3305, Code. Upon the expiration of this period the personal estate of decedent, if any he had, vested absolutely in his heirs. *Phinny v. Warren,* 52 Iowa, 332. See, also, *Crossan v. McCrary,* 37 Iowa, 684; *Lees v. Wetmore, supra; Christie v. C. R. I. & P. R. R. Co.,* 104 Iowa, 707; *Murphy v. Murphy,* 80 Iowa, 740.

Can a mere stranger intervene after this period, and, by procuring letters of administration, subject the realty which has been vested in heirs for more than five years, and which could have been transferred free from all indebtedness of decedent, to the payment of claims? Should one heir be allowed thus to render the property of others liable for debts barred by the statute? Can this statute be entirely ignored, and, notwithstanding its provisions, parties interested in the estate, in the absence of any equitable or other considerations, deprived of its .benefit? We think not. Should appellee's claim be established, there is no personalty from which to satisfy it. The bar of the statute, if interposed, would be conclusive defense to an application for a sale of the real estate. Administration must be applied for not only in the proper county (*In re King's Estate,* 105 Iowa, 320), but within the statutory period. If granted thereafter, without proper showing at least, the entire proceeding is void. *Wales v. Willard,* 2 Mass., 120.

2. ADMINISTRATION: enforcement of claims: invalidity of proceeding.

But there is still another reason for rejecting the claim. The evidence satisfactorily shows that the indebtedness, if any ever existed, has been paid. The claimant began work July 3, 1893, and decedent died October 4, 1894. Though she may have been employed to work for him during the lives of himself and wife, his death terminated such employment. During that period she was to receive not to exceed $1.75 per week. In a book of account kept by deceased were found these entries in claimant's handwriting: "Cora

3. CLAIM for services: evidence of payment.

paid to Oct., 1893," and on another page, in the same
handwriting, "Cora paid to May, 1895." She had con-
tinued to work for Mrs. Dilts subsequent to his death
until her death in 1898 or 1900; and in another memoran-
dum, in March, 1897, the account is marked settled, and
again, "Settled up to April 1st, 1898." No evidence was
offered explaining these memoranda, and we think them
sufficient to establish payment. The administratrix neces-
sarily labored under difficulties in establishing payments
of a character ordinarily made by handing over the money,
and slighter proof will suffice than might be required under
other circumstances. Each party will pay her own costs.
—REVERSED.

WEAVER, J., taking no part.