Breitenbach, Administrator, Respondent, v. Gerlach, Appellant.

*March 30—April 27, 1965.*

For the appellant there was a brief and oral argument by *Emery Porter* of Milwaukee.

For the respondent there was a brief and oral argument by *Jack C. Ottenstein* of Milwaukee.

HEFFERNAN, J.  The question presented, therefore, is whether the defendant's affidavit establishes a *prima facie* case in relation to the issues raised by the pleadings and whether the counteraffidavits of the plaintiff raise such questions of fact that they must be resolved by trial.  It is our

opinion that the bill of sale set forth in the defendant's affidavit is alone sufficient to not only constitute a *prima facie* case defeating the plaintiff's cause of action, but also in the absence of a counteraffidavit in any way questioning it, the bill of sale constitutes a defense as a matter of law. The bill of sale was executed and signed by the plaintiff, and it recites that the plaintiff has been paid in full by the defendant for the purchase price of the equipment sold. It is almost axiomatic that a receipt acknowledging payment in full is *prima facie* proof of the payment of purchase money in the absence of proof to the contrary. *Crowe v. Colbeth* (1885), 63 Wis. 643, 24 N. W. 478; *People v. Evanston R. Co.* (1926), 323 Ill. 109, 153 N. E. 603; *Cummings v. Lynn* (1903), 121 Iowa 344, 96 N. W. 857; and *Wherley v. Rowe* (1909), 106 Minn. 494, 119 N. W. 222; 40 Am. Jur., Payment, p. 900, sec. 290; 70 C. J. S., Payment, pp. 252, 253, sec. 48. The rule is summarized in American Jurisprudence:

"A receipt in full of all demands is prima facie proof of a settlement between the parties, and of the payment of the balance; it is not merely evidence of the sum specified in it. A receipt is not a contract, and it may be explained and controlled in its operation by parol evidence. The receipt is open to proof that there was a mistake in stating the account, in striking the balance, in telling the money, in the nature or value of the thing paid, and the like. It may be shown that it was given through mistake or fraud, or that it was not intended to release the particular demand sued on. The receipt, however, remains evidence of the facts stated in it until those facts are clearly disproved, and a mistake or fraud shown, and when executed with a knowledge of all the circumstances, and without mistake or surprise on one part, or fraud or imposition on the other, is a good defense to a claim." 40 Am. Jur., Payment, p. 898, sec. 287.

Under this set of facts, where there is no evidence to the contrary creating a question whether the plaintiff did in fact receive payment as indicated in the bill of sale, the defendant

has established a *prima facie* defense and is entitled to summary judgment. The plaintiff in his counteraffidavit merely denies any knowledge that the bill of sale had been delivered to the defendant and denies any knowledge that the defendant had taken possession of the property, and the plaintiff denies that he has any knowledge that payment was made to Mr. Olszyk, the attorney. This denial of knowledge does not constitute any refutation or even question of the material portions of the bill of sale. The bill of sale recites that the plaintiff Breitenbach has been paid by Fred Gerlach and that in exchange for the receipt of $800 the property is conveyed to Fred Gerlach. Rather than casting any doubt upon the validity of the bill of sale, the plaintiff's affidavit by referring to it acknowledges its authenticity. There is no claim or suggestion that the bill of sale is not authentic, was not executed by the plaintiff, or was obtained by fraud, duress, or mistake or by any other means which would question the probative effect of the bill of sale. In short, the bill of sale stands unimpeached by the affidavit of the plaintiff.

It is elementary that if facts are evidenced by documents or public records they control on motion for summary judgment unless the opposing party shows facts sufficient to raise an issue as to their authenticity or conclusiveness. *Stoiber v. Miller Brewing Co.* (1950), 257 Wis. 13, 42 N. W. (2d) 144. If the documents are undisputed in support of the motion, the court must grant it. *Joannes v. Rahr Green Bay Brewing Corp.* (1950), 257 Wis. 139, 42 N. W. (2d) 479.

In the case of *Londo v. Integrity Mut. Ins. Co.* (1946), 249 Wis. 281, 24 N. W. (2d) 628, the plaintiff applied for windstorm insurance. It was admitted that the agent advised the applicant that the insurance would go into effect on that day—the day of signing the application. The application, however, carried the proviso that the application was not to take effect until "approved by the secretary and a policy

issued thereon . . . company shall not be bound by any . . . statement . . . by . . . any agent . . . not contained in this . . . application."

The application was rejected after actual knowledge of the loss. The plaintiff sued on the basis that the application and oral representations gave him insurance coverage. The defendant insurance company moved for summary judgment and filed an affidavit reciting the terms of the application. This court reversed the trial court's decision and ordered summary judgment for the defendant, stating:

"The ground of the court's denial of a summary judgment was, in substance, that the powers of the agent of the company who took the application were in dispute under the affidavits presented by the plaintiff; and that these affidavits tended to show that it was the practice of the company to date its policies the date of the application and under the common practice of the defendant and other companies issuing storm insurance policies their policies became effective from the date of the application.

"We are of opinion that the court should have entered a summary judgment of dismissal upon the provision of the application for insurance above quoted, regardless of the dispute as to the facts respecting the matters on which the court based its denial. When undisputed documents submitted in support of a motion for a summary judgment show that the movant is entitled to the judgment demanded, the court must grant the motion, whatever other facts may be in dispute under the record. The terms of the statute were in all respects complied with by the movant. See sec. 270.635, Stats." *Londo v. Integrity Mut. Ins. Co., supra,* at page 283.

Sec. 270.635 (6), Stats., makes it clear that such an interpretation is demanded by the statute:

"When an answer alleges a defense which is prima facie established by documents or public records, judgment may be entered for the defendant unless the plaintiff shows facts sufficient to raise an issue with respect to the verity or conclusiveness of such documents or records."

It is also significant in the instant case that although the plaintiff's complaint is sufficient to state a cause of action, it is couched purely in terms of ultimate facts, which is, of course, proper in phrasing a complaint. But when the complaint is reviewed in connection with the affidavit of the defendant, no factual issues are raised. The affidavit of the defendant sets forth the evidentiary facts that clearly establish in fact that the plaintiff has no cause of action against the defendant, and accordingly the defendant is entitled to summary judgment unless the plaintiff by affidavit shows facts which the court shall deem sufficient to entitle him to a trial. This the plaintiff has failed to do by affidavit or otherwise.

In the proceedings held in the trial court, the plaintiff moved to strike certain paragraphs of the affidavit on the basis that the evidence offered therein was incompetent as concerning transactions with a deceased agent and therefore could be received by the court only in violation of sec. 325.17, Stats. Since this motion was not directed at the portions of the defendant's affidavit we deem vital to his motion, the legal issues raised concerning the competency of the testimony need not be determined. The trial judge held that the motion to strike constituted an attack on the defendant's affidavit and therefore raised fact questions entitling the plaintiff to a trial. We do not agree.

Assuming arguendo that the trial judge is correct and that fact issues can be raised by this motion, the motion to strike is not directed at the crucial paragraphs which allege the receipt of a bill of sale and the execution of an affidavit under the Bulk Sales Act. Therefore, under any interpretation, the evidentiary facts entitling the defendant to judgment were not questioned. In short, the motion to strike at best merely attempted to exclude evidence the plaintiff considered to be incompetent, but, in the view of this court, was in any event unnecessary to sustain the defendant's motion for judgment. Furthermore, this court is at a loss to determine by what

authority the plaintiff utilized the motion to strike. The procedure for a summary judgment is statutory, and the only acceptable method of raising a factual question entitling a party to trial is the filing of the affidavits or other proof as provided in sec. 270.635 (2), Stats. While the plaintiff did file an affidavit in addition to the motion to strike, the affidavit did not attack the veracity or conclusiveness of the bill of sale set forth in the documents submitted by the defendant.

We therefore conclude that the plaintiff has failed to show facts sufficient to raise an issue entitling him to a trial.

*By the Court.*—Order denying summary judgment reversed, and cause remanded for the entry of summary judgment for the defendant.