AMERICAN STATE BANK, appellee, v. THEODORE H. LEAVER, JR., appellant.

No. 52609.

(Reported in 153 N.W.2d 348)

OCTOBER 17, 1967.

Levinson, Bryant & Enabnit, of Mason City, for appellant.

William Pappas, of Mason City, for appellee.

LARSON, J.—This appeal from a district court ruling sustaining plaintiff's motion for summary judgment in an action to recover from defendant, as a cosigner or accommodation maker of a promissory note, involves the requirements and interpretation of rules 237 and 238, Rules of Civil Procedure. Plaintiff contends that rule 238 required a literal interpretation and that the papers filed in resistance to the motion, showing facts which the court deems sufficient to permit him to defend, must be in affidavit form and must be filed with the resistance. We cannot agree.

From the record it appears one Michael J. Thompson executed a note to plaintiff-bank on May 14, 1965, in the sum of $2248.75, to secure the payment of a loan for the purchase of an automobile, and defendant signed the note as a comaker. After default, plaintiff by petition brought suit against defendant on the note and, after appearance by defendant, filed its motion for summary judgment. Thereafter, within ten days defendant filed his verified answer in two divisions, the first amounting to a general denial and the second raising affirmative defenses. Simultaneously, defendant filed a resistance to plaintiff's motion which alleged that he had a good

defense to plaintiff's claim "as evidenced by Division II of defendant's Answer filed herein, which Answer is verified by the defendant."

Appellant asserts that the trial court erred in sustaining plaintiff's motion for summary judgment without giving consideration to defendant's resistance filed simultaneously with defendant's verified Answer containing affirmative defenses, and which verified Answer was referred to in the resistance; that the trial court erred in granting judgment based upon plaintiff's affidavit which failed to controvert the affirmative defenses raised in defendant's verified Answer, and that it erroneously disregarded the pleadings wherein defendant's verified Answer contained affirmative defenses which raised substantial issues of fact, there being no reply on file controverting those affirmative defenses. Only the first assignment need be considered herein.

The trial court, in a written ruling, held that rule 238, R. C. P., required that a sworn affidavit be attached to defendant's resistance, which affidavit stated issuable facts which would constitute a good defense to the action and was executed by a person having knowledge thereof, and that defendant failed to comply with those specific requirements of the rule. It referred to our recent case of Eaton v. Downey, 254 Iowa 573, 578, 118 N.W.2d 583, and others, as well as to Cook, Iowa Rules of Civil Procedure, Volume 2, pages 695 and 696.

Both parties cite and rely upon Eaton v. Downey and statements in Cook. Both parties cite cases from foreign jurisdictions, which in most instances are in accord with our holdings or are clearly distinguishable. Although we are respectful of the reasoning in cases from other jurisdictions, it is our responsibility to decide the meaning and requirements of rules 237 and 238 of the Iowa Rules of Civil Procedure.

Rule 238 provides: "Plaintiff making a claim described in rule 237 may file a motion for summary judgment thereon at anytime after defendant appears, before or after answer. * * * Judgment shall be entered as prayed in the motion unless within ten days after it is filed, or such other time as the

court may, for good cause, allow, the defendant resists it with affidavits showing facts which the court deems sufficient to permit him to defend. Hearing on the motion, if thus resisted, shall be as provided in rule 117. The court may, on plaintiff's motion, strike any affidavits filed by defendant which it finds insufficient, frivolous or made only for delay."

■■ I. It has often been said that the purpose of summary judgments and the affidavits connected therewith is to enable a party with a just cause of action to obtain judgment promptly and without delay and expense of trial, where there is no substantial or relevant issue to try. Bjornsen Construction Co. v. Whitmer & Sons, 254 Iowa 888, 892, 119 N.W.2d 801; Eaton v. Downey, supra; Cook, Iowa Rules of Civil Procedure, Volume 2, page 695. Rules 237 and 238, R. C. P., were prescribed to implement this right and prescribe or approve a procedure to be followed. However, it seems quite clear the intention of the rule is that no such judgment should be granted if the defense affidavit shows a substantial issue of fact exists and the matter is properly brought to the court's attention within the time prescribed.

■ II. Defendant's resistance to a motion for summary judgment must be timely filed and be supported by sworn statements of a person having knowledge of facts which are sufficient to sustain a valid defense to the action. The important factor to be shown, of course, is that the fact issue be such that, if decided in defendant's favor, it would be a good defense to the action. Eaton v. Downey and Bjornsen Construction Co. v. Whitmer & Sons, both supra; Petit v. Ervin Clark Construction, Inc., 243 Iowa 118, 49 N.W.2d 508; Credit Industrial Co. v. Happel, Inc., 252 Iowa 213, 106 N.W.2d 667. Of course, just any irrelevant or immaterial factual issue would not suffice, and could be rejected by the court or be stricken on motion. See article entitled "Trial and Judgment" by Alan Loth, 29 Iowa Law Review 35, 44, and an article by Charles W. Joiner entitled "Determination of Controversies Without a Factual Trial", 32 Iowa Law Review 417, 426.

■■ III. The sufficiency of a defense, as revealed by the sworn factual statements or the affidavits provided in rule 238, R. C. P., is tested by the rules of pleading. Bjornsen Con-

struction Co. v. Whitmer & Sons and Eaton v. Downey, both supra. As pointed out therein, a sufficient affidavit may consist of ultimate or evidentiary facts, and when so stated the affiant has the right to also state his conclusion on those facts.

In the case at bar Division II of defendant's Answer alleged under oath:

"Par. 1. That the defendant in May, 1965, sign as an accommodation a document similar to Exhibit 'A' attached to plaintiff's petition at the request of the American State Bank and Michael J. Thompson and at that time the representation was made by the American State Bank and the said Michael J. Thompson that a loan was being made to him which was fully secured by a chattel mortgage and that defendant further alleges that the plaintiff has not protected the defendant as accommodation maker of said instrument with respect to the security and that the said security was not repossessed until considerable time had passed after default by the said Michael J. Thompson on the obligation and that the security was allowed to depreciate without being applied to the obligation and when ultimately it was sold and applied to the obligation full value was not received for it.

"Par. 2. That the plaintiff extended time for payment of the said obligation by the said Michael J. Thompson without first obtaining the consent of the defendant and thereby had worked a forfeiture of their right to the defendant as surety or accommodation maker with respect to the obligation."

Defendant's verification to his Answer stated: "I, Theodore H. Leaver, Jr., being first duly sworn on oath depose and state that I am the defendant named in the foregoing cause of action; that I have read the Answer, know the contents thereof and that the statements and allegations therein contained are true as I verily believe."

Although appellee contends this statement of facts does not meet the above requirements, we must disagree.

It is not clear from the cases we have examined whether a passive failure or delay on the part of the payee to enforce collateral security available will result in discharge of a co-maker, and we were given no aid by counsel on this proposition. But see Federal Land Bank v. Christiansen, 230 Iowa 537, 298

N. W. 641. It is clear that the second allegation, if sustained, is sufficient to discharge the defendant from liability.

■ We are satisfied the sworn affirmative allegations in defendant's Answer do state a good defense to this action. A valid agreement between the payee and maker of a note to extend time for payment discharges any comaker who has not consented to the extension. Cambria Savings Bank v. La Nier, 135 Iowa 280, 112 N. W. 774; Eilers v. Frieling, 211 Iowa 841, 234 N. W. 275; section 541.121 of 1962 Code. While the Uniform Commercial Code was not in effect when this note was executed, the result thereunder would have been the same. See section 554.3606 (paragraph 1a) of the 1966 Code.

■ IV. As heretofore stated, the underlying purpose of the affidavit required by rule 238 is to apprise the court of the existence of a substantial issue of fact made in good faith. As pointed out herein, if a substantial factual issue exists which might well determine the rights of the parties to the action, and this issue is brought to the court's attention within the prescribed time by a sworn allegation of the defendant or a person who knows the facts, the court should not grant a summary judgment. The rule that a trial on the merits is preferred could not find a better application. Rule 238, even in the 1962 Code, did not contemplate any technical requirements or specific procedure, and for us to so hold, we think, would be hypertechnical. The specific requirements, with sound basis therefor, are timeliness and a disclosure to the court of a vital factual issue in the action as shown by sworn-to factual allegations. We do not believe this disclosure can only be made in affidavit form. If, as here, that information is placed before the court by a resistance, which in turn makes reference to a sworn-to pleading disclosing ultimate or evidentiary facts which would constitute a good defense, plaintiff's motion for summary judgment could not be sustained.

While we have not previously had occasion to pass directly on this question, and the rule has now been broadened, we did say in State v. One Certain Automobile, 237 Iowa 1024, 1030, 23 N.W.2d 847, which considered the requirements of section 127.11(3), Code 1946, calling for an affidavit, that a verified

pleading which meets the legal requirements for an affidavit may be held to be an affidavit, citing 2 C. J. S. 924, section 1b(2) ; 41 Am. Jur. 288, section 2, and several cases in support of the holding.

Here we find a timely resistance to the plaintiff's motion for summary judgment and a clear reference therein to a sufficient defendant's verified Answer on file. There was no reply filed, verified or not verified, and no motion to strike the defensive allegations in the Answer. The trial court's attention was duly called thereto and we see no sound basis for granting a summary judgment under these conditions. Issues so raised by defendant here were for the jury, not the court. It is our conclusion that a verified pleading which meets the legal requirements of the affidavit mentioned in rule 238, which is referred to in a timely-filed resistance to a motion for summary judgment, fulfills the requirements of rule 238, R. C. P.

We have considered the cited cases by appellee of Killian v. Welfare Engineering Co., 328 Ill. App. 375, 66 N.E.2d 305, where the pleadings were not verified, Eden v. Klaas, 165 Neb. 323, 85 N. W.2d 643, and Weber v. City of Hurley, 13 Wis.2d 560, 109 N. W.2d 65, which consider what is sufficient to apprise the court of a valid defense, and Breitenbach v. Gerlach, 27 Wis. 2d 358, 134 N. W.2d 400, and do not find them adverse to our holdings. Although in Breitenbach v. Gerlach, supra, the court did hold that a sufficient affidavit was the only proper way to defeat a motion for a summary judgment, it did not reach the question of whether a verified pleading referred to in the defendant's resistance might be considered an affidavit. In Townsend v. Milwaukee Insurance Co., 15 Wis. 2d 464, 113 N. W.2d 126, the problem dealt with the sufficiency of a counter-affidavit that merely recited what was in the complaint and did not reach the problem herein presented. In State v. Le-Blanc, Inc., Tex. Civ. App., 399 S. W.2d 919, the court, faced with the question of whether an answer acknowledgment before a notary public, which was referred to in a resistance to a motion for summary judgment, constituted an affidavit under a like rule, held that it did not. However, we note there the party acknowledging the pleading did not swear that the facts

stated therein were true, which we believe is a vital distinction. If not, with due respect for the Texas court, we simply do not agree with that holding.

Here we hold the plaintiff's motion for summary judgment should have been overruled and that defendant is entitled to a trial on the issues presented by this resistance and answer. In view of this holding, we do not find it necessary to consider appellant's other assignments of error. For trial on the merits this matter is remanded.—Reversed and remanded.

All JUSTICES concur.