NORTHWESTERN NATIONAL BANK OF SIOUX CITY, Appellee,

v.

Thomas E. STEINBECK and Marianne Steinbeck, Appellants.

No. 54088.

Supreme Court of Iowa.

Sept. 2, 1970.

Runge & Runge, Sioux City, for appellants.

Dewie J. Gaul of Sifford, Wadden & Davis, Sioux City, for appellee.

LARSON, Justice.

The trial court sustained plaintiff's motion for summary judgment against defendants in an action seeking judgment on two demand promissory notes, executed and delivered to plaintiff in the summer of 1968, and foreclosure of two mortgages on land in Plymouth County, Iowa, executed contemporaneously therewith. From judgment adverse to them, defendants appeal, contending their resistance to plaintiff's motion apprised the court of the existence of a substantial issue of fact which might well determine the rights of the parties to this action. We agree and remand the cause for a trial on the issue of whether the defendant Marianne Steinbeck signed the notes and mortgages voluntarily or through fear, duress and undue influence, as alleged in her sworn answers to interrogatories.

The record before us consists of the pleadings, interrogatories and answers thereto, affidavits of the parties, and the trial court's decision. The vital question raised by this appeal is relatively simple and concerns only the timeliness and adequacy of defendants' assertion of undue influence, fear and duress, by which plaintiff's agents obtained her signature on the involved instruments. In its motion for summary judgment filed July 14, 1969, pursuant to Iowa Rule of Civil Procedure 237, plaintiff stated on the personal affidavit of its president. that the claims made in its peti-

tion are true, that the amounts stated therein are due, owing and unpaid, that it believes no defense exists against the claims, that as shown by the attached affidavit and by admissions contained on defendants' answers there is no genuine dispute as to the liability of defendants, that it appears without dispute the defendants executed the notes and mortgages sued on, that under the provisions of section 554.3408 of the 1966 Code there was consideration for the execution of the instruments and value received therefor under the provisions of section 554.3303 of the 1966 Code, that the pleaded homestead exemption is no defense inasmuch as the mortgages given comply with the requirements for a mortgage on a homestead set out in sections 561.13 and 561.21 of the Code, and that the allegations of defendant Marianne Steinbeck's answer in paragraph 12(b) are mere conclusions on her part and constitute no defense. We note here that paragraph 12(b) of her answer states, "That the signing of the instruments labeled as Exhibits A, B, C and D as contained in Plaintiff's petition by this Defendant, Marianne Steinbeck, was involuntary and was obtained by duress and undue influence, therefore the said Exhibts A, B, C and D should be set aside and held for naught."

The supporting affidavit by Stanley W. Evans, president of the plaintiff bank, among other things stated, "* * * I am familiar with the facts and events giving rise to said cause of action; the Defendant Thomas E. Steinbeck immediately prior to the execution of the notes and mortgages referred to in Plaintiff's Petition was indebted to the Plaintiff for the amounts stated in said notes; on behalf of the Plaintiff I advised the Defendant Thomas E. Steinbeck that the Plaintiff would require as security for said indebtedness that notes and mortgages be signed by said Defendant Thomas E. Steinbeck and his wife; that to avoid immediate collection action by Plaintiff and to secure additional time to pay said indebtedness the Defendants Thomas E. Steinbeck and Marianne Steinbeck executed

and delivered to the Plaintiff the notes and mortgages described in Plaintiff's petition; that the Defendant Marianne Steinbeck signed said instruments voluntarily and no duress or influence was exerted by the Plaintiff or any of its representatives upon her; that the amounts recited in Plaintiff's petition as being due and owing are due, owing, and unpaid; and that I have read the Plaintiff's petition and what it states is true and correct."

On July 30, 1969, defendants' resistance to the motion for summary judgment was filed requesting a hearing on the motion and asking that the hearing be set on or after the 29th day of August 1969 because the defendant Marianne Steinbeck was outside the continental United States, and stating that a proper resistance could not be maintained without her affidavit.

On August 29, 1969, the defendant Marianne Steinbeck filed a separate resistance to plaintiff's motion asserting that a real defense does exist and claiming there is a genuine dispute and issue as to her liability. Her attached sworn affidavit states inter alia:

"That I am one of the Defendants in the above entitled action; * * * that I was informed by the employees and agents of the Plaintiff that I must execute said instruments, even though said instruments represented a debt of the C. Elmer Steinbeck Company; that no consideration or monies was given this Defendant as a result of executing said instruments; that no monies represented by said instruments were used in the purchase price of said homestead; that said homestead was acquired prior to execution of any of these said instruments."

From the record we also learn that on July 10, 1969, plaintiff, pursuant to rule 121, R.C.P., propounded five interrogatories to defendants, that Mr. Steinbeck answered at once but due to Marianne Steinbeck's absence in Germany she could not do so at that time. A letter from her attorney to the district judge explained her unavail-

ability and promised her answers as soon as she returned. No objection was made to this delay, and on her return home she filed her answers, which included the following sworn answer to plaintiff's Interrogatory No. 4:

"That I am a naturalized citizen of the United States and have difficulty in understanding and reading the English language. That at the time of the execution of said instruments, the Plaintiff's employee and agent informed me that I would be responsible for any alleged debts, which were the debts of C. Elmer Steinbeck Company, and that I must execute the instruments; that as a result of not understanding the language and being unaware that the homestead was part of the instrument, and not being informed so by Plaintiff's agent and employee through fear and duress and undue influence, as aforesaid, and not being advised that said instrument included her homestead and that she was fully within her rights not to execute said instrument, the instrument was executed."

On September 25, 1969, the trial court entered its order sustaining plaintiff's motion. It stated:

"* * * In this cause the Motion for Summary Judgment was supported by an affidavit by Defendant Marianne Steinbeck, which affidavit was filed at 9:59 A.M. on the date of the hearing. Hence said affidavit was not filed 'prior to the day of hearing' as required by Rule 237(c). Nor was any affidavit filed prior to said time showing why the affidavit could not be filed prior to the day of hearing, as Rule 237(f) permits.

"Since said affidavit by Defendant Marianne Steinbeck was not filed prior to the date of hearing, said affidavit was not timely filed and presents no defense to the Motion for Summary Judgment.

"* * *

"The only thing filed prior to the date of hearing by the Defendants Thomas E. Steinbeck and Marianne Steinbeck besides pleadings were certain Answers to Interrogatories filed July 21, 1969. * * * These allegations state no defense to the pending action in view of Section 554.3408 of the 1966 Code of Iowa * * *.

"Even if the affidavit filed by the Defendant Marianne Steinbeck on August 29, 1969, is considered, no genuine issue for trial is shown. * * * Said affidavit does not assert any specific facts showing any duress or undue influence. * * *

"On September 5, 1969, certain additional Answers to Interrogatories were filed by the Defendants Thomas E. Steinbeck and Marianne Steinbeck. None of said Answers contain any specific facts showing there is a genuine issue for trial. Absent such a showing, summary judgment should be entered.

"IT IS THEREFORE HEREBY ORDERED, ADJUDGED, AND DECREED that summary judgment be, and it hereby is, entered against the Defendants Thomas E. Steinbeck and Marianne Steinbeck for the relief prayed for in Plaintiff's petition. * * *"

Defendants' appeal assigns numerous alleged errors but confines their argument here to the alleged error by the trial court in ruling that under Iowa Rules of Civil Procedure 237 there was no proper and timely issue of fact raised by defendants which required a jury determination. They contend two ultimate fact issues were presented to the court: (1) whether their statements in the pleadings, answers to interrogatories, and affidavits reveal a substantial factual issue as to their liability for the debt, and (2) whether they reveal a substantial factual issue as to the validity of the signatures of the defendant Marianne Steinbeck, i. e., as to whether her signatures were obtained by duress and were therefore involuntary and invalid.

Under our law and decisions the trial court apparently was correct in holding there was adequate consideration for the execution of these instruments by defend-

ants. Defendants do not now seriously contend otherwise. Thus, we will direct primary attention to the question of whether under the provisions of rule 237, R.C.P., adequately-worded contentions were presented to the court which would apprise it of a substantial material issue of fact that could not be resolved as a matter of law prior to its consideration and ruling on plaintiff's supported motion for summary judgment.

■ I. Since the notes and mortgages here were admittedly given for an antecedent obligation, want of or failure of consideration is not a defense. Bjornsen Construction Co. v. J. A. Whitmer & Sons, 254 Iowa 888, 119 N.W.2d 801; 11 Am. Jur.2d, Bills and Notes, § 229, p. 257. Also see sections 554.3303 and 554.3408, Code of 1966, and Katski v. Boehm, 249 Md. 568, 241 A.2d 129. Section 554.3303, supra, provides: "A holder takes the instrument for value * * * (b) when he takes the instrument in payment of or as security for an antecedent claim against *any* person * * *." (Emphasis supplied.) Also see 35A Iowa Code Annotated 372.

■ II. At the outset we must observe that our rule 237, R.C.P., was extensively revised by chapter 475, Laws of the Sixty-second General Assembly. The purpose of the summary judgment not changed by this revision is, of course, to enable a party with a just cause of action to obtain judgment promptly without unnecessary delay and the expense of a trial, but that has been and is limited to cases where there is no substantial or relevant factual issue to try. Eaton v. Downey, 254 Iowa 573, 118 N.W.2d 583; Bjornsen Construction Co. v. J. A. Whitmer & Sons, supra, 254 Iowa 888, 119 N.W.2d 801. Also see Vol. 2, Cook Iowa Rules of Civil Procedure, Rule 237, Advisory Committee Comment, page 695, and Author's Comment, page 696. Although the rule provisions have been changed, they continue to provide, where the court is properly alerted by the means prescribed that an ultimate fact

is alleged which will likely decide the liability, then a summary judgment would be improper. No longer can the court safely rely solely upon statements in the affidavit of either party to resolve that question. Even before the revision of these rules, we had rejected the technical application of the rule to defeat an otherwise clear factual issue properly presented in an action before the court.

In American State Bank v. Leaver, 261 Iowa 124, 129, 153 N.W.2d 348, 351, which is our most recent pronouncement in this area of the law, we reviewed the purpose of the affidavit required by the then rule 238 and said it was to apprise the court of the existence of a substantial issue of fact made in good faith. In holding a verified answer in the pleadings which was referred to in the affidavit of resistance disclosed ultimate or evidentiary facts which would constitute a good defense if established, such reference was sufficient to withstand plaintiff's summary judgment motion, notwithstanding the fact that disclosure of the material fact issue was not in the form of an affidavit. Therein we said, " * * * if a substantial factual issue exists which might well determine the rights of the parties to the action, and this issue is brought to the court's attention within the prescribed time by a sworn allegation of the defendant or a person who knows the facts, the court should not grant a summary judgment. The rule that a trial on the merits is preferred could not find a better application. Rule 238 * * * did not contemplate any technical requirements or specific procedure, and for us to so hold, we think, would be hypertechnical. The specific requirements, with sound basis therefor, are timeliness and a disclosure to the court of a vital factual issue in the action as shown by sworn-to factual allegations. We do not believe this disclosure can only be made in affidavit form." The revised rules now permit, indeed require, the trial court to examine all statements in the pleadings, depositions, answers to interrogatories, and affidavits, if any, to determine that matter.

**476**

A reference at this point to the revision of rule 237, R.C.P., may be helpful. Rule 237(c), (e) and (f), attempts to outline and direct the proper application of the rule and seems to follow our thoughts expressed in American State Bank v. Leaver, supra. These paragraphs now provide:

"(c) The motion shall be filed at least 10 days before the time fixed for the hearing. The adverse party *prior to the day of hearing may file* opposing adffidavits. The judgment sought shall be rendered forthwith *if* the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, *if any,* show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *" (Emphasis supplied.)

"(e) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or filed therewith. The court may permit affidavits to be supplemented or *opposed* by depositions, *answers to interrogatories,* further affidavits, or oral testimony. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or *as otherwise provided* in this rule, must set forth *specific facts* showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis supplied.)

"(f) Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

On first reading it may appear that the provisions of subsections (c) and (e) are not clearly consistent as to the extent the court must consider the record when ruling on a motion for summary judgment, but we adhere to our position stated in American State Bank v. Leaver, supra, and hold the rule's intent is that when such a motion is made the court must then examine the entire record before it, including the pleadings, admissions, depositions, answers to interrogatories, and affidavits, if any, to determine for itself whether evidentiary facts are presented which, if decided in favor of the defendant, would amount to a good defense to the action.

In the case at bar both defendants filed timely resistances, the first on July 30, 1969, which informed the court that Marianne Steinbeck was out of the country and proper resistance by her should be continued until August 29, 1969. Her separate resistance, supported by her sworn affidavit, was filed on August 29, which alerted the court to her claim of nonliability. We are satisfied this was sufficient to require the court to examine the entire record before making its ruling on plaintiff's motion for summary judgment. Apparently the trial court did so here, but held her affidavit was filed too late and that the allegations made by Marianne Steinbeck in the pleadings before it, including those in her answers to interrogatories, were not sufficient to raise a fact question for a jury's determination. We cannot agree.

III. As to the sufficiency of the statements and allegations in the pleadings, answers to interrogatories, and affidavits relating to the voluntary signatures of Marianne Steinbeck, we must differ with the learned trial court. Although we do agree that the statement in paragraph 12(b) of her answer, "That the signing of the instruments labeled as Exhibits A, B, C and D, as contained in Plaintiff's petition

by this Defendant, Marianne Steinbeck, was involuntary and was obtained by duress and undue influence * * * ", is not alone a sufficient statement of evidentiary or ultimate facts to generate a factual issue here, and that the statements in her affidavit that she was unaware that the instruments included her homestead and was not so informed by plaintiff's agents and employees, that she was informed by them that she must execute the instruments even though they represented the debt of another, and that no consideration or monies were given her for these signatures, were not sufficient to raise a factual issue as to her liability, we are satisfied that her answer to plaintiff's Interrogatory 4 did allege sufficient evidentiary or ultimate facts which, if found to be true by a fact finder, would void her signatures on the instruments and relieve her of liability thereunder.

Prior to the change in rules 237 and 238, R.C.P., we considered this problem several times and consistently held, to determine whether sworn statements of facts (then only called for in affidavits) were sufficient to show a real defense as distinguished from conclusions, we resort to the rules of pleadings, stating in Eaton v. Downey, supra, at page 578 of 254 Iowa, page 586 of 118 N.W.2d, "A pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves." Also see Orcutt v. Hanson, Iowa, 163 N.W.2d 914, 918. We are also satisfied, since the adoption of the revised rules courts are required to apply those rules to statements in pleadings, admissions, depositions, answers to interrogatories, and affidavits, if any, which are called to the attention of the court by way of a resistance to the summary judgment motion. Thereafter, if by an examination of such records any allegations asserting evidentiary facts appear which if found to be true would constitute a good defense to the action, we hold the court under this rule must assign the matter for trial and should not sustain the motion for summary judgment.

IV. We come now to the issue of timeliness. In its first proposition relied upon for affirmance appellee contends that the trial court properly held the sole affidavit filed in opposition to the motion for summary judgment was not timely filed since it was not filed prior to the day set for hearing, and in its second proposition that the affidavit stated no specific facts showing there was a genuine issue for trial. In view of our agreement with the trial court as to the sufficiency of the affidavit itself to raise a fact issue, we need not decide now the troublesome question of whether under rule 237(e) the filing dates set forth therein are exclusive and failure to comply with them bars consideration of the affidavits filed late. Whether the affidavit of Marianne Steinbeck is considered sufficient seems of no importance here, for we base our decision primarily upon her resistance and the sworn answer to the interrogatories submitted to her, and to which we find no objection except that it fails to state such evidentiary or ultimate facts upon which the case might be decided. Therefore, without considering the affidavit here, it appears that the trial court was required to and did examine the records in this matter. It did discover and consider the alleged factual dispute on the issue of undue influence and duress. Its ruling on the sufficiency of that factual statement is the sole basis of our disagreement here, but being vital to this decision requires a reversal.

V. In view of our conclusion that the court, by proper examination of the complete record, should have been alerted as to the factual dispute relating to the voluntary execution of the instruments, we find it unnecessary to consider appellants' other assignments of error and direct that the judgment rendered herein be set aside and a trial be had upon the factual issue raised in Marianne Steinbeck's answer to plaintiff's interrogatories.

Reversed and remanded.

All Justices concur except RAWLINGS, J., who takes no part.