CITIZENS STATE BANK, DECATUR, NEBRASKA, A CORPORATION, APPELLEE, V. BEERMANN BROS. DEHY, A PARTNERSHIP, APPELLANT, IMPLEADED WITH DAVID VAVRA, APPELLEE.

198 N. W. 2d 458

Filed June 9, 1972. No. 38358.

598

Smith, Smith & Boyd, for appellant.

Ryan & Scoville, for appellee Citizens State Bank.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an action upon two promissory notes payable to Beermann "Quality" Fertilizers executed on October 2, 1967, by David Vavra. The notes were endorsed in blank and transferred before maturity to the plaintiff bank by the payee for their full value. The payee is a division of Beermann Bros. Dehy, a partnership, and will be referred to as the defendant.

The notes were not paid at maturity on January 2, 1968. On August 29, 1968, Vavra executed two extension notes to the plaintiff which extended the time for payment of the original notes to December 20, 1968. The extension notes were executed without the knowledge or consent of the defendant except as authorized by the original notes.

The extension notes were not paid at maturity. This action was brought on May 2, 1969, against the defendant and Vavra. The defendant appeals from a judgment for the plaintiff.

The principal issue relates to the extension notes executed by Vavra on August 29, 1968. The original notes each provided on their face: "The makers, sureties and

guarantors of this note hereby severally waive presentment for payment, notice of nonpayment, protest, and notice of protest, and diligence in bringing suit against any party thereto and consent that time of payment may be extended without notice thereof * * *."

Under the Uniform Commercial Code, unless otherwise specified, a consent to extension authorizes a single extension for not longer than the original period of the note. § 3-118 (f), U.C.C. The extension here was for 113 days, 21 days longer than the period of the original notes. An agreement by the holder to suspend the right to enforce an instrument against the maker without the consent of an endorser discharges the endorser. § 3-606 (1) (a), U.C.C. There being no reservation of rights against the defendant, the extension to Vavra by the plaintiff beyond the period authorized in the notes discharged the defendant. See, Kratovil v. Thieda, 36 Ill. 2d 247, 222 N. E. 2d 485; Ford v. Loret, 258 Md. 110, 265 A. 2d 202; American State Bank v. Leaver, 261 Iowa 124, 153 N. W. 2d 348.

It is unnecessary to consider the other assignments of error.

The judgment of the district court is reversed and the cause remanded with directions to enter a judgment dismissing the action as to defendant Beermann Bros. Dehy.

REVERSED AND REMANDED WITH DIRECTIONS.