**John A. SCHULTE and Jonco, Inc., Appellees,**

**v.**

**Martin MAUER et al., Appellants.**

**No. 56523.**

Supreme Court of Iowa.

June 26, 1974.

Forker & Mahr, Sioux City, for appellants.

Thomas L. McCullough, Sac City, for appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and HARRIS, JJ.

RAWLINGS, Justice.

Defendants Martin Mauer, Mauer Construction Co., Inc. and Carl M. Mauer Construction, Inc. appeal from summary judgment for plaintiffs John A. Schulte and Jonco, Inc. We affirm.

Because of the issues here involved a relatively extensive analysis of the complex record presented, and occasional subsequent reference thereto, is unavoidable.

By law action commenced September 6, 1972, against defendants above named, plaintiffs seek recovery on multiple promissory notes with foreclosure of attendant liens and security interests. Attached to plaintiffs' petition, as exhibits, are the signed instruments relied upon for relief sought.

Defendants' answer, as amended, at least inferentially admits execution of the notes and other documents as alleged by plaintiffs. It is also generally asserted (1) all debts owing have been satisfied; (2) the instruments sued upon were given to or secured by Schulte while he was attorney and bookkeeper for defendants; (3) the transactions involved were in the nature of partnership enterprises or joint ventures; (4) in some instances defendants' moneys were wrongfully used by Schulte to the advantage of himself or corporations controlled by him; (5) an audit will reveal defendants are not indebted to plaintiffs; and (6) Schulte breached his duties and obligations as attorney for defendants.

By reply plaintiffs denied the above allegations.

October 2, 1972, plaintiffs moved for summary judgment. It is thereby alleged, in substance, to Schulte's personal knowledge the facts set forth in the petition are true and plaintiffs believe there is no defense to the instant action. By a verified affidavit Schulte affirms all statements contained in the summary judgment motion.

October 26, 1972, defendants filed resistance to the aforesaid motion. Assertions made are essentially repetitive of those contained in the answer summarized above. Attached to the resistance is Martin Mauer's affidavit by which he verifies all allegations set forth in answer to plaintiffs' petition; asserts Carl M. Mauer Construction, Inc. gave a $50,000 promissory note to Sac City Pavers, Inc. on which payments have been made in excess of the amount owing; and alleges Schulte, as a Sac City Pavers' officer, was responsible for application of all related funds.

By an October 30, 1972, amendment to the above noted resistance defendants, in essence, further allege (1) the burden is upon Schulte to show all involved transactions were not to his advantage; (2) by obtaining the notes sued upon Schulte merely transferred funds to his fiduciary account, thus placing on him the duty to account for all receipts, expenditures, and his actions in related matters; and (3) a meritorious defense exists in that Schulte has misapplied defendants' moneys. Martin Mauer's attached affidavit reasserts the allegations contained in the aforesaid answer. He additionally states, in course of the transactions all checks were endorsed and left with Schulte; defendants are entitled to an accounting as prayed; and an audit will disclose defendants are not indebted to plaintiffs.

October 30, 1972, hearing was had on the summary judgment motion and resistances thereto.

November 3, 1972, trial court inceptionally ruled upon the summary judgment motion. It was then found, in substance, most if not all material allegations made by defendants are mere opinions and conclusions unsupported by ultimate statements of fact and the court could rule, as

a matter of law, no defense exists. But since defendants sought to further support their defense to the summary judgment motion by discovery, they were allowed 30 days to pursue that course and accordingly present factual evidence in support of their claim to the effect all debts owing to plaintiffs had been paid. Right was also accorded plaintiffs, upon expiration of the 30 day period, to renew their summary judgment motion.

The record fails to reveal defendants, in any manner or means, ever attempted to initiate discovery proceedings within the allotted 30 days, or then sought an extension of time for the given purpose.

December 4, 1972, plaintiffs resultantly filed what is denominated a "Second Motion for Summary Judgment". Final judgment was thereupon entered, adverse to defendants, from which this appeal is taken.

In support of a reversal defendants contend trial court erred (1) in sustaining plaintiffs' summary judgment motion when there existed a genuine issue as to material facts, and (2) in sustaining plaintiffs' second motion for summary judgment absent a hearing thereon.

■ I. The first issue to be considered is whether the pleadings, motions, affidavits, and testimony, i. e., the entire record, discloses a genuine issue as to any material fact. Inceptionally called into play is Iowa R.Civ. P. 237, which provides, in relevant part:

"Summary Judgment may be had under the following conditions and circumstances:

"(a) For claimant. A party seeking to recover upon a claim * * * may, at any time after the appearance day or after the filing of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

"* * * *

"(e) Form of affidavits—Further testimony—Defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

"(f) When affidavits are unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery be had or may make such other order as is just."

We dealt with the foregoing rule in Davis v. Comito, 204 N.W.2d 607, 608 (Iowa 1973) and there stated:

"The purpose of the summary judgment is to enable a party to obtain judgment promptly and without expensive trial where there is no fact issue to try. Jensen v. Voshell, 193 N.W.2d 86, 88 (Iowa 1971). See also Gruener v. City of Cedar Falls, 189 N.W.2d 577, 580 (Iowa 1971). However, where a fact issue is generated by the pleadings, depositions, affidavits or other instruments before the court a motion for summary judgment should not be sustained. Sherwood v. Nissen, 179 N.W.2d 336, 339 (Iowa 1970) and Northwestern Nat. Bank of Sioux City v. Steinbeck, 179 N. W.2d 471, 475 (Iowa 1970).

And in the same case we said, 204 N.W. 2d at 611–612:

> "When a trial court is confronted with such motion under rule 237, R.C.P., it is required to examine the entire record before it, including the pleadings, admissions, depositions, answers to interrogatories, and affidavits, if any, to determine for itself whether evidentiary facts are presented which, if decided in favor of the defendant, would amount to a good defense to the action. Continental Ill. Nat. B. & T. Co. v. Security State Bank, 182 N.W.2d 116, 118 (Iowa 1970), citing authorities.

> "Bauer v. Stern Finance Company, 169 N.W.2d 850, 853 (Iowa 1969), has this statement:

> " 'The rule provides that a party may not "rest upon the mere allegations or denials of his pleading." He must set forth specific facts showing there is a genuine issue. He cannot merely say there is one; but it must appear "by affidavits or otherwise" that this is the case.' "

■■ It is also well-settled, since adoption of Iowa R.Civ. P. 237 and 238, a party must plead ultimate facts and cannot rely upon conclusions by themselves. Furthermore, courts are required to apply that rule to all pleadings, admissions, depositions, answers to interrogatories and affidavits presented in resolving a summary judgment motion. See Northwestern Nat. Bank of Sioux City v. Steinbeck, 179 N. W.2d 471, 477 (Iowa 1970); cf. Bailey v. Iowa Beef Processors, Inc., 213 N.W.2d 642, 647–648 (Iowa 1973).

■ But the burden of showing absence of any genuine issue of material fact is upon the summary judgment movant. See Davis v. Comito, 204 N.W.2d at 612.

■ Additionally, all matters properly before the court are viewed in a light most favorable to the opposing party. See Davis v. Comito, *supra*.

■ If, under those principles, an examination of the record discloses any allegations of ultimate fact which if found true would constitute a good defense to the action, a summary judgment motion must be overruled. See Davis v. Comito, *supra*.

Viewed in the light most favorable to defendants these are the material facts disclosed by the entire record.

Schulte served as attorney, financial advisor and bookkeeper for defendants from 1964–1970. During that time he was called upon to assist defendants in obtaining bonds essential to submission of construction project bids. In order to finance projects undertaken by defendants they were required to constantly borrow money from various banks and financial institutions, mainly because of lending limits. As a condition to use of State Surety Company as the project bonding institution for defendants, Surety required joint control of money in all related accounts through Schulte as the control agent. This money was, in turn, first applied by him to lienable items, then to payment of outstanding notes. At the same time, new notes were repeatedly given so as to retire others then outstanding because project bids were constantly being submitted by defendants. It was Schulte's responsibility to secure the loans, prepare notes given therefor, and receive and disburse moneys in the joint control accounts. At times Schulte loaned money to defendants in order to keep their respective businesses in operation. This was generally accomplished by having Martin Mauer sign promissory notes either to Schulte individually or to corporate entities controlled by him. Schulte would then ordinarily issue a check payable to a joint control account for substantially the amount of the note at 13½% interest. This rate was materially less burdensome to defendants than prior financing arranged with a small loan agency. Schulte

often issued checks payable from one joint control account to others so as to effectively obtain new loans and discharge those previously obtained. But defendants generally assert that had Schulte properly applied funds received on their behalf then nothing would be owing plaintiffs by them.

Defendants also made showing, by affidavit in support of their resistance, that payments by them totaling some $56,380 were made over a twenty-five month period on a $50,000 loan by Sac City Pavers, Inc.

Reduced to bare essentials defendants would have this court hold a genuine fact issue was raised by their conclusory allegations to the effect Schulte misapplied funds which, if properly allocated, would have been more than sufficient to satisfy their obligations. Nowhere are there any *specific* instances of misapplication alluded to by defendants save and except the Sac City Pavers, Inc. note and attendant payments, allegedly in excess of the amount due. But the latter note is not involved in this litigation.

Defendants seem to foundation their entire argument upon the fact the notes upon which plaintiffs brought the instant action were executed during a time when Schulte acted as both their attorney and financier. They apparently argue, since Schulte was in that position, summary judgment would in no event be available to plaintiffs.

The authorities cited by defendants in support of that stand have been examined but are so factually or legally distinguishable as to be of no persuasive force or effect under existing circumstances.

It must be conceded Schulte ill-advisedly placed himself in a position where accusations of misapplication of funds could be readily made. See generally Nadler v. Treptow, 166 N.W.2d 103, 106–107 (Iowa 1969); Iowa Code of Professional Responsibility for Lawyers, EC 4–5, 5–1, 5–3, 5–7; DR 4–101(B)(2), 5–101(A), 5–104(A), 5–105(A); 7 Am.Jur.2d, Attorneys at Law, §§ 154, 160.

It still remains, however, the record presented is totally devoid of any allegations of specific ultimate fact which show or tend to show Schulte misapplied any funds belonging to defendants or breached his position of trust.

■ Although, as aforesaid, Schulte's actions may have been the result of poor professional judgment, he stands in court as any other litigant. In event money is owing him by defendants he is accordingly entitled to judgment. By the same token, if no defense is shown to be available against his action, then, like any other litigant, he is entitled to summary judgment upon proper motion and showing.

■ In light of the foregoing it is apparent defendants' pleadings, resistance to plaintiffs' summary judgment motion, affidavits, and other relevant documents stand as mere conclusions, thus are fatally defective under Iowa R.Civ. P. 237 standards. See Prior v. Rathjen, 199 N.W.2d 327, 331–332 (Iowa 1972).

Present counsel for defendants argue, however, since they belatedly appeared in this case time did not permit them opportunity to secure information upon which to plead any specific ultimate facts.

Even so, the record reveals neither they nor preceding counsel ever attempted to secure needed enlightenment by (1) interrogatories pursuant to Iowa R.Civ. P. 121–126; (2) production of books and records under rules 129–130; or (3) any depositions as provided by rules 140–153.

Upon the record before us we cannot say trial court erred in holding plaintiffs were entitled to summary judgment.

■ II. Defendants also contend trial court erroneously sustained plaintiffs' "Second Summary Judgment Motion" absent a hearing thereon.

At the outset, it is essential we examine the premise upon which this assignment rests.

Defendants assert they should have been accorded a new or separate hearing upon expiration of the allotted discovery time prior to entry of final judgment. In that regard they lean heavily on Iowa R.Civ. P. 237(c), which provides:

"The motion shall be filed at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may file opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

As heretofore noted, plaintiffs' summary judgment motion was originally filed October 2, 1972, and full hearing held thereon October 30, 1972. Initial ruling by which defendants were granted an additional 30 days within which to effect discovery was issued November 3, 1972. Upon expiration of the given time, absent any discovery action by defendants, summary judgment was again urged.

■ It is of no consequence that plaintiffs' renewed motion was captioned a "Second Motion for Summary Judgment". As this court analogously stated in Rouse v. Rouse, 174 N.W.2d 660, 664 (Iowa 1970): " 'The designation given a pleading is not of vital importance. Its character is to be determined largely by its allegations and legal effect, not solely from the name given it.' " See also Chicago R. I. & P. R. v. Linwood Etc. Co., 258 Iowa 1378, 1381, 138 N.W.2d 902 (1965); 61 Am.Jur.2d, Pleading, § 24; 71 C.J.S. Pleading § 5.

Plaintiffs' "second motion" was nothing more than a renewal of the October 2nd summary judgment motion. Furthermore, since defendants never so much as attempted to secure information by discovery within the allotted time upon which to show existence of any genuine issue of material fact, no additional hearing was required prior to entry of the December 4th judgment.

Defendants' second assignment of error is without merit.

Affirmed.

MOORE, C. J., and UHLENHOPP and HARRIS, JJ., concur.

LeGRAND, J., dissents.

LeGRAND, Justice (dissenting).

I dissent from Division II and from the result because I feel it was unfair to grant summary judgment without giving defendants an opportunity to resist *after* filing of the "Second Summary Judgment Motion." The majority's conclusion this was nothing more than a renewal of the first motion doesn't quite answer the real question: were defendants entitled to an opportunity to offer a reason for not meeting the conditions of the trial court's earlier 30-day order.

I do not quarrel with the premise the trial court *could* consider this merely a renewal of the first motion; but I do say it should not have done so by shutting off defendants' possible explanation for what seems on its face to be inexcusable disregard of the previous order. Entry of judgment for more than $100,000.00 without a trial on the merits and with no showing of culpable disregard of the earlier order seems palpably unjust, particularly when the defendants could justifiably assume the second motion would receive the same formal consideration rule 237 motions usually get.

I would remand for the purpose of allowing defendants to show, if they can, reasons why they should be excused from the consequences of their apparent inattention and neglect.