Gregory ROBERTS, Plaintiff–Appellee,

v.

Robert F. MOORE,
Defendant–Appellant.

No. 88–1437.

Court of Appeals of Iowa.

June 15, 1989.

Michael P. Mallaney and Mark S. Lorence of Wimer, Hudson, Flynn & Neugent, Des Moines, for defendant-appellant.

E.S. Bikakis, Bryan J. Arneson, and Marleen J. Loftus of Bikakis, Vohs, Storm & Arneson, Sioux City, for plaintiff-appellee.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Defendant appeals from a summary judgment for plaintiff in a contract action. Defendant contends the district court erred by concluding a contract existed and defendant had breached it. Defendant also argues a partial summary judgment was improper because there remained genuine issues of material fact. We reverse.

In 1987, the plaintiff, Gregory Roberts, advertised for sale his 1984 Mercedes Benz 500 SEL automobile. In response to this advertisement, defendant, Robert Moore, examined the vehicle, agreed to purchase it, and gave Roberts a check for the purchase price. He took possession of the car on the same day.

Within two days of the transaction, Moore and his wife took the car to an authorized Mercedes Benz dealership for inspection. There the Moores were informed the dealership would not service the car because it was a "gray market" vehicle. A "gray market" vehicle is one which was made for sale in Europe rather than the United States, and which lacks emission control devices required by U.S. law. Employees of the dealership also informed the Moores the car had had extensive body work.

Two days after taking possession of the car, Moore returned it to the seller, Roberts, and stopped payment on his check. In so doing, Moore relied on Roberts' alleged failure to disclose certain material facts, including history of body work and the fact the car was a "gray market" vehicle. Roberts later filed the present suit against Moore for nonpayment of the purchase price to which the parties had allegedly contracted. In defending against this suit, Moore once again relied on Roberts' alleged failure to disclose material facts.

The district court granted plaintiff Roberts a partial summary judgment on the issue of Moore's contractual liability. The court concluded that undisputed facts established existence of a contract and Moore's breach of the contract. The court provided for trial on the issue of damages at a later date.

Moore now challenges the partial summary judgment order, contending the district court erred by concluding a contract existed and he had breached it, and further

the trial court was incorrect in finding no genuine issues of material fact existed.

Our scope of review is for errors of law. Iowa R.App.P. 4.

The purpose of summary judgment is to enable judgment to be obtained promptly without the expense of trial when there is no genuine and material fact issue in dispute. *Drainage District No. 119, Clay County v. Incorporated City of Spencer,* 268 N.W.2d 493, 499 (Iowa 1978). In ruling upon a motion for summary judgment, the court is required to examine the record in the light most favorable to the party opposing the motion. *Brody v. Ruby,* 267 N.W.2d 902, 904 (Iowa 1978). If reasonable minds could draw different inferences and reach different conclusions from undisputed facts, the issues must be reserved for trial and summary judgment is improper. *Id.*

After examining the evidence in the light most favorable to Moore, we determine the trial court erred in granting partial summary judgment in this case. The supreme court has held when an examination of the record discloses any allegations of ultimate fact which if found true would constitute good defense to an action, summary judgment must be overruled. *Schulte v. Mauer,* 219 N.W.2d 496, 500 (Iowa 1974). We find each of Moore's defenses of allegations of material fact, if found true, would constitute good defenses in this action.

Moore raises the issue of misrepresentation on the part of Roberts for not disclosing the car was a "gray market" vehicle. In the same vein, Moore filed a counterclaim arguing Roberts' failure to reveal this information amounted to fraudulent concealment. The fact issue which arises is whether Roberts knew the vehicle was a "gray market" vehicle and whether he intentionally concealed the information to induce Moore to buy the car. If this fact is proven, Moore may have justification or legal excuse to repudiate the contract. Further, if it is shown neither party was aware the car was a "gray market" car, then the court could find the contract was voidable or find significant reason for reformation due to mistake.

The trial court escaped this conclusion by finding whether or not the vehicle is a "gray market" car is immaterial. We disagree. In this case, one dealer has already refused to service the car. There are also questions regarding whether the car is outfitted with the proper emission control devices mandated by law in this country. The trial court's determination is wholly independent and not based upon the evidence presented in the record. Clearly, the materiality of this car being a "gray market" vehicle itself raises several factual issues. .

Consequently, for the reasons set out above, we reverse the order of the trial court and reinstate these matters for trial.

REVERSED.